# Wolfe *versus* Arrott.

109    473<br>161    177

1. Fraud in the making of a written agreement may be shown by parol evidence, which, however, must be clear, precise and indubitable.

2. If premises are let for a certain purpose and the lessor falsely represents them to be fit for that purpose, though knowing the contrary, so that the lessee is thereby deterred from a more careful examination, parol evidence of these facts is admissible in an action on the lease for rent, and if clear may justify the jury in finding intentional fraud on the part of the lessor.

3. An action for rent was brought on a lease containing a stipulation that the lessee " shall not nor will assign this lease, nor underlet the said premises or any part thereof, or use or occupy the same other than as a dwelling house, without the written consent of the lessor first had and obtained." The defendant's affidavit of defence alleged that the defendant had been unwilling to lease the premises unless satisfied that the plumbing and drainage were in first-class order; that he had said so to the lessor, who assured him that they were as nearly perfect as could be; that he would guarantee that the sanitary condition of the house was good, and that anything wrong about the drainage or plumbing would be remedied at once; and that in consideration of these assurances and guaranty the defendant had signed the lease and moved into the house. The affidavit then alleged serious and substantial defects in the drainage and plumbing, which the plaintiff on notice and request refused to have remedied, whereupon the defendant employed plumbers and others, to whom he paid a sum greater than the amount of rent due; and that he was informed, and expected to prove, that the premises in question were well known by the plaintiff and everybody in the neighborhood to have these defects, and that the house had been vacant for a long time in consequence thereof. Upon a rule for judg-

ment for want of a sufficient affidavit of defence the court entered judgment for the plaintiff.

*Held* to be error. The stipulation in the lease that the lessee should not use the premises otherwise than as a dwelling house, fairly represented and declared it to be in all respects fit and suitable for that purpose. The case should therefore be submitted to a jury, who, upon evidence of the facts alleged, would be justified in finding the premises unfit for use as represented.

April 8th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:* Of January Term 1885, No. 51.

This was originally an action brought by William Arrott against Frank Wolfe before a magistrate to recover one month's rent of premises leased by Arrott to Wolfe. The magistrate having given judgment for the plaintiff for $75, the defendant appealed to the Court of Common Pleas. The plaintiff then filed a copy of the lease on which the suit was brought, which was signed and sealed by both parties, the material portions of which are as follows:

"*This agreement witnesseth,* That William Arrott, of the city of Philadelphia, insurance agent, doth hereby let unto Frank Wolfe, attorney at law, of the same place, premises situate on Summit street, in the 22d ward of the city aforesaid, containing in front or breadth on said Summit street ninety-two feet, and extending through to the Bethlehem Pike near their junction, now owned and heretofore occupied by said William Arrott, for the term of one year from the first day of May, A. D. one thousand eight hundred and eightyfour, at the rent of nine hundred dollars, to be paid in equal monthly installments of seventy-five dollars each; the first payment thereof to be made on the first day of January, Anno Domini 1884, which said rent the said lessee does hereby agree to pay to the said lessor on the days and times aforesaid, and that he shall not nor will assign this lease, nor underlet the said premises, or any part thereof, or use or occupy the same other than as a dwelling house without the written consent of the said lessor first had and obtained, and shall and will, during the said term, keep, and at the termination thereof deliver up the said premises in good order and repair, reasonable wear and tear and accidents by fire excepted. . . . . . "

The defendant filed the following affidavit of defence:

"Frank Wolfe, being duly sworn according to law, doth depose and say, that the above suit was brought for one month's rent due July 1st, 1884, for premises situate on Summit street, in the 22d ward of the city of Philadelphia. That the defendant was unwilling to lease said premises unless he was satisfied that the plumbing and drainage of the same was

[Wolfe v. Arrott.]

in first-class order. He so stated his unwillingness to the plaintiff, and expressed to him the determination to send a plumber to examine the same. But the plaintiff assured him that the well into which the said house was drained had been lately dug, that he had a plumber to thoroughly overhaul everything, and that he would guarantee that the sanitary condition of the house was good, and that the drainage and plumbing was as near perfect as it could be, and that anything wrong with the drainage or plumbing would be remedied by him (the plaintiff) at once. That in consideration of these assurances and guarantee of the plaintiff he signed the lease and moved into the house. That the defendant, shortly after moving into the premises, discovered that the drainage was defective, and that the soil-pipe that drained the water-closet in the house also drained the water from the bath-room and kitchen ; in point of fact, all the wastage and nuisance of the house was drained through one small soil-pipe. That it drained into a covered well which had no ventilation or means of ventilation ; said well had not been cleaned, as the defendant is informed, for eight years. That the said soil-pipe was so old and rotten that the roots of the trees had worked their way through defective joints so that they filled the said pipe for a length of thirty feet, rendering it impossible for the contents of the water-closet and kitchen sink to pass through it into the well, but the same drained back into the sink in the kitchen and stationary wash-basins. That the said well was filled nearly to the top, and in consequence thereof and of the premises, the smell through the house was unbearable. That the said plaintiff was notified of these defects and requested to have them remedied, but he refused. That the defendant thereupon employed the firm of McManemin & Gunzer, practical plumbers, at Chestnut avenue, Chestnut Hill, to remedy these defects, which they did at an expense of fifty-three dollars and eighty-four cents, which he, the said defendant, has since paid. He has also paid the sum of fifty-three dollars for having said well cleaned. Defendant also deposes that he is informed, believes, and expects to prove that the premises in question were well known by said plaintiff and everybody in the neighborhood to have defective drainage, and that they laid idle for a long time in consequence of that fact.

" All of which facts the defendant says are true so far as he states them of his own knowledge, and so far as he states them upon information derived from others he believes them to be true, and expects to be able to prove the same upon the trial of this cause."

The court below having made absolute a rule for judgment for want of a sufficient affidavit of defence, the defendant filed

an exception to the entry of judgment and took this writ of error, assigning for error the action of the court in entering judgment for the plaintiff.

*Lewis Stover*, for the plaintiff in error.—It clearly appears by the affidavit that the defendant was induced to sign the lease upon a fraudulent misrepresentation made by plaintiff. Parol evidence has always been admitted under such circumstances : Crump *v.* Morrell, 12 Phila., 249 ; Greenawalt *v.* Kohne, 85 Pa. St., 369 ; Barclay *v.* Wainwright, 86 Id., 191 ; Hoopes *v.* Beale, 90 Id., 82 ; Keough *v.* Leslie, 92 Id., 424 ; Powelton Coal Co. *v.* McShain, 75 Id., 238 ; Shugart *v.* Moore, 78 Id., 469. Where a written agreement is signed in consideration of a verbal promise, the promise will be enforced : Graver *v.* Scott, 80 Pa. St., 88. Nothing is said in the lease about repairs. Under Brolaskey *v.* Loth, 5 Phila., 81, and Scheerer *v.* Dickson, 7 Id., 472, the set-off claimed in the affidavit is good in law without the parol promise aforesaid : Long *v.* Fitzimmons, 1 W. & S., 532 ; Auworth *v.* Johnson, 5 C. & P., 239 ; Leach *v.* Thomas, 7 Id., 328 ; Torriano *v.* Young, 6 Id., 8. The affidavit does not contradict the lease, but avers that the rent due under it has been satisfied by the payment of a debt which the lessor should have paid. The principle of *caveat emptor* does not prevent the lessee showing by parol that at the time the lease was signed the landlord promised to make certain repairs : Caulk *v.* Everly, 6 Whart., 303. In Martin *v.* Berens, 17 P. F. S., 459, and Thorne *v.* Warfflein, it was sought to *alter the terms* of a written agreement, but here, as in Chalfant *v.* Williams, 35 Pa. St., 215, the parol evidence contradicts nothing in the agreement, but merely a presumption or inference from it. In Resteine *v.* Graf, 41 Leg. Int., 134, the defendant disputed the payment of rent expressly reserved.

*E. P. Allinson* (with whom was *S. Davis Page*), for defendant in error.—The evidence of fraud must be clear, precise and indubitable, the acts complained of set out, and the fraudulent motion charged in the affidavit of defence : Martin *v.* Berens, 17 P. F. S., 459 ; Thorne *v.* Warfflein, 4 Out., 519. There was no request by the lessee that the verbal representations of the lessor should be put into the lease, as in Coal Co. *v.* McShain, 75 Pa. St., 239. In Crump *v.* Morrell, 12 Phila., 249, there were fraudulent concealment and false representation. There is no right of set-off, because the repairs were voluntarily made by the tenant and without the consent of the landlord, who cannot be charged with the expense : Long *v.* Fitzimmons, 1 W. & S., 530 ; Kline *v.* Jacobs, 18 P. F. S.,

[Wolfe v. Arrott.]

57; Wheeler v. Crawford, 5 Norris, 327. The untenantable condition is no defence as long as the tenant remains on the premises: Walz v. Rhodes, 1 W. N. C., 49; McCloskey v. Wiltbank, 1 Id., 413; Wien v. Simpson, 2 Phila., 158.

Chief Justice MERCUR delivered the opinion of the court, October 5th, 1885.

This suit was by a landlord against his tenant, to recover one month's rent of a building and premises, let at the annual rental of $900.

Judgment having been taken for want of a sufficient affidavit of defence, all the facts therein averred must be considered as true for present purposes. The question then is, do they constitute a defence which should have been submitted to the jury?

The lease is in writing. It stipulates the lessee shall not use the premises otherwise than as a dwelling house. It therefore fairly represents and declares the house to be in all respects fit and suitable for that purpose.

The rule that fraud in the making of a written agreement may be shown by parol evidence, to change its legal effect, is too well established to need any citation of authorities to sustain it. The evidence however must be clear, precise and indubitable. Are the facts alleged sufficient, and are they properly averred in the present case, to constitute any defence if true?

In substance the plaintiff in error avers in his affidavit that he was not willing to lease the premises unless he was satisfied that the plumbing and drainage were in first-class order; that he so stated to the lessor, and expressed a determination to send a plumber to examine the same; but the lessor assured him that the well into which the house was drained had been lately dug, that he had a plumber to thoroughly overhaul everything, and he would guarantee that the sanitary condition of the house was good, and that the drainage and plumbing were as near perfect as they could be, and that anything wrong with either would be remedied by him at once, and in consideration of these assurances and guaranty the lessee signed the lease and moved into the house. He further avers that soon thereafter he discovered the drainage to be defective, that the soil-pipe which drained the water-closet in the house also drained the water from the bath-room and the kitchen, and in fact, all the wastage and nuisance of the house was drained through one small soil-pipe; that it drained into a covered well which had no ventilation or means of ventilation, and which had not been cleaned, as he was informed, for eight years; that the soil-pipe was so old and rotten that the

roots of trees had worked their way through defective joints, and had so filled the pipe for thirty feet as to render it impossible for the contents of the water-closet and kitchen sink to pass through it into the well, but the same flowed back into the sink in the kitchen and stationary wash-basins; the well was filled nearly to the top, and in consequence thereof and of the other causes stated the smell through the house was unbearable; the lessor was notified of these defects and requested to have them remedied, but he refused so to do; that thereupon the lessee employed practical plumbers to remedy the same, which they did at an expense of $53.84, which sum he had paid, and he had also paid the further sum of $53 for cleaning the well. The plaintiff in error further swears that he is informed, believes and expects to prove that the premises in question were well known by the lessor and everybody in the neighborhood to have defective drainage, and by reason thereof they had been unoccupied for a long time, all of which facts he believed to be true and expected to be able to prove on the trial of the cause.

Thus the building was let to be occupied as a dwelling house only. If the facts averred be proved on the trial, a jury would be justified in finding it wholly unfit for that purpose. In view of the stench and increasing nuisance caused by its occupation they might perhaps conclude it to be better adapted for a pig-sty than for the habitation of human beings. The rental agreed to be paid was sufficient to reasonably produce a residence exempt from the nuisances stated. It is averred that this defective drainage was well known to the lessor; that when interrogated in regard to it he not only declared he had caused it to be thoroughly overhauled, but the drainage, plumbing and sanitary condition of the house were as perfect as they could be made. If at the time of the execution of the lease the lessor had knowledge of the bad condition of the premises, and not only denied it but falsely represented that the well had been lately dug; that he had had a plumber to put the drainage and plumbing in perfect order, and that the sanitary condition of the house was good, and thereby deterred the lessee from employing a plumber to examine the same, parol evidence of these facts clearly proved should be submitted to the jury, from which they may find intentional fraud on the part of the defendant in error.

Judgment reversed and a procedendo awarded.