## Charles E. Pope *v.* Charles A. Michel, Appellant.

*Vendor and vendee—Suit for purchase money—Affidavit of defense.*

In an action to recover the purchase money of real estate an affidavit of defense is sufficient which avers that the conveyance was to be subject to certain restrictions in regard to a private roadway which was marked on the plan of lots exhibited to the defendant when he was negotiating for the purchase (the distances not being marked upon the plan) ; that he asked plaintiff how far the northwesterly line of the lot was from this road-

way, and was told that the distance was fifteen or twenty feet, while in fact the lot was very close to the roadway, and on a much steeper portion of the ground, and that in improving the lot it would probably be necessary to build a retaining wall; that this was a misrepresentation of a material fact affecting the value of the land, and that he was deceived and misled by it, and would not have entered into the agreement if the truth had been told him.

Argued Oct. 31, 1898. Appeal, No. 27, Oct. T., 1898, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1897, No. 802, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover purchase money alleged to be due under an agreement to sell land.

Plaintiff's statement was as follows:

On January 14, 1897, plaintiff entered into a contract with the defendant, in writing, a correct copy of which is hereto attached, made part hereof and marked exhibit " A " under which defendant agreed to purchase from plaintiff a lot of ground on Darrah street, in said contract fully described.

Plaintiff purchased the said lot from Hudson Sampson and wife, under a contract in writing, a copy of which is hereto attached, made part hereof and marked exhibit "B." Intending to fully execute the last mentioned contract, the said Sampson and wife duly executed and delivered to the plaintiff a deed, which, as all the parties supposed, conveyed to the plaintiff the said lot, but by an error in description in said deed from Sampson and wife to plaintiff, said lot was located three feet farther from Fifth avenue than it should have been, of which error plaintiff did not know. Attached to an agreement made by the said Hudson Sampson and wife with J. C. Reilly and wife, there appears a plan of said lot, showing its proper location and description, which was duly recorded, while title to said lot was in said Hudson Sampson, was properly indexed in said Sampson's name and appears in the chain of title to said lot in deed book, vol. 903, page 480, upon which plan so caused to be made and recorded by said Sampson, plaintiff's name appears as the owner of said lot. The description of said lot in the contract between plaintiff and defendant was taken from said plan, and

hence was correct, while the description in the deed tendered to defendant by plaintiff on January 30, 1897 (as hereinafter set forth), was copied from the deed of Sampson to plaintiff, and hence the same error of description occurs.

On January 30, 1897 (January 31 being Sunday), plaintiff tendered to defendant a deed duly executed and acknowledged, which defendant declined to read, and without ascertaining or knowing the contents thereof, refused to accept, saying only that Pope, the plaintiff, did not own the lot he (defendant) had bought, and that he (defendant) had made other arrangements. Plaintiff intended by said deed to convey to defendant a good, indefeasible and marketable title to the lot which he agreed to convey to him, and at the time of the tender believed that the deed did convey such title, but as a matter of fact, the description in said deed was copied from the deed of Sampson and wife to plaintiff, and hence the said error in description occurred in the said deed so tendered.

The plaintiff had no knowledge of the error in the said deed from Sampson to him or in the deed so tendered to defendant, until February 15, 1897, when he received the following letter from defendant's attorney, A. K. Stevenson, Esq.

"PITTSBURGH, PA., February 13, 1897.
" CHARLES E. POPE, Esq.,
    " Pittsburgh, Penn'a.
    " Dear Sir: I have examined the title to the lot you are about to sell to Mr. C. A. Michel. The same is not satisfactory. I wrote to Messrs. Hipple & Company for the return of the $100 paid. I now request the return of the same by you. Mr. Hipple writes me that I should communicate with you in the matter.
    " Please be kind enough to send me a check and oblige
            " Yours Respectfully,
                    " A. K. STEVENSON."

Immediately upon receipt of said letter plaintiff submitted the matter to his attorney, who, as plaintiff is informed, believes and expects to be able to prove, called upon Mr. Stevenson and learned of the error in the deed from Sampson to plaintiff; that plaintiff's attorney called Mr. Stevenson's attention to the plan above mentioned, recorded in deed book, vol. 903, page 480, and

told him that if the description in the deed from Sampson to plaintiff did not correspond with said plan and with the contract between plaintiff and defendant, a mistake had been made in drawing said deed, which plaintiff could and would at once correct, and that the lot as shown in said plan and as described in said contract with defendant, was purchased by plaintiff from said Sampson, and then owned in fee simple by plaintiff. Plaintiff did proceed diligently to have said error corrected, and secured from said Hudson Sampson and wife a deed which conveyed to plaintiff a strip of ground three feet wide along the whole lower side of said lot, or the side thereof towards Fifth avenue, and thereby there was vested in plaintiff a good, marketable and indefeasible title in fee simple to the lot described in contract with defendant. The last-mentioned deed was duly executed, delivered and recorded on or before February 24, 1897, and on said day, after said deed had been recorded, plaintiff tendered the defendant a deed duly executed and acknowledged, a copy of which is hereto attached, made part hereof, and marked exhibit " C," and demanded from defendant payment of the purchase money due under said contract, but defendant declined to accept said deed or pay said purchase money, although defendant well knew that plaintiff's title was then, as aforesaid, complete, and no incumbrance existed against said lot except as provided for in said contract, to wit : a mortgage for $3,000, upon which the interest was fully paid to February 24, 1897, the date of the tender of the last deed to defendant : a lien for grading, paving and improving of Darrah street, and the taxes for 1897. All of which plaintiff as a matter of fact avers.

Plaintiff further alleged that had defendant acted in good faith and informed him of said error when he (defendant) discovered the same (and plaintiff alleged that defendant discovered said error prior to January 20, 1897), plaintiff could easily have corrected said error and would have corrected same and would have been able to convey to defendant a good record title to said lot, on or before January 31, 1896, which would be within the time mentioned in the agreement, and a specific compliance therewith ; but defendant never informed plaintiff of said error, except as above stated. And plaintiff still avers his readiness to deliver said deed to defendant whenever so di-

rected by the court, and that he is entitled to the amount of unpaid purchase money, to wit: the sum of $3,900 dollars with interest from February 24, 1897.

Defendant averred in his affidavit of defense as follows:

Plaintiff purchased under article of agreement exhibit " A," the lot therein described, for which a deed was to be delivered on or before January 31, 1897, a deed for a lot running further up the hill and of much less value was tendered as set forth, but defendant refused to accept the same as it was not in accordance with the contract entered into with the plaintiff. Defendant having had the record examined and finding that H. Sampson had not sold the lot described in the agreement to the plaintiff, called upon H. Sampson and discovered that he had not conveyed the lot described in the contract to the said Charles E. Pope, but another lot some feet further up the hill, which ran the line upon the steep portion of the hill, whereas the lot was represented to me to be on the more even graded portion of the hill. Plaintiff did not comply with his agreement at the time and in the manner as therein provided, and long after the agreement had expired and long after defendant had declined to further negotiate for or purchase the same, plaintiff procured a conveyance for the lot which he tendered, and the defendant having notified the plaintiff that after his failure to furnish a proper deed within the time he declined to take the same. Defendant had no knowledge as to the contents of contract exhibit " B," but he does know that the conveyance from Sampson to Pope did not cover the lot he at the time desired to purchase. Defendant, at time the deed was tendered, told plaintiff " he did not own the lot; " this was as early as January 30, 1897, and did not tender a proper deed until February 24, 1897, long after the date upon which they were to deliver deed, and after defendant had made other arrangements; all of which facts affiant expects to be able to prove upon the trial of this cause.

The supplemental affidavit of defense was as follows:

C. A. Michel, defendant above named, being sworn, for further defense to plaintiff's claim in this action, avers: that the agreement to purchase lot mentioned in plaintiff's statement was made at the office and with the agent of said Charles E. Pope; that said agent, M. F. Hipple, of M. F. Hipple & Co.,

exhibited to affiant a plot purporting to show the location of said lot and its relation to a certain roadway marked thereon known as "Overlook Way." Affiant asked said Charles E. Pope, who was present, how far the northwesterly line of the lot about to be purchased was located from the said "Overlook Way," there being no distances on the plan. Said Pope stated that at the rear end of the line the distance was from fifteen to twenty feet, and the plot showed that the said line where it intersected Darrah street was nearer to "Overlook Way" than at the rear end of the lot. Affiant avers that the deed by which said Pope acquired title from Sampson, as he, affiant, afterwards learned through his attorney, located said northwesterly line very close to said roadway, and on a much steeper portion of the ground than the plan above referred to, and the statement of said Pope to affiant, indicated. And he, affiant, avers that said statement made by Pope, was not only untrue in fact, but misrepresented a material fact to affiant, because under the contract for the purchase of said lot, it appears that affiant was to accept the deed subject to certain restrictions, one of which was, that if the location of a building on the lot about to be purchased would interfere with said "Overlook Way," affiant was to build a retaining wall, and he avers that if said line had been as pointed out to him on, and indicated by, the plan, no necessity for any such wall would likely have arisen. Whereas, under the deed tendered and which located said lot much nearer said "Overlook Way," the probability that a retaining wall would be required would be greatly increased.

Affiant avers that he discovered the location of said line and its proximity to said "Overlook Way" above mentioned, on or about January 19, and very shortly after called on M. F. Hipple & Co. and notified them of said fact, and of the fact that said Pope did not own all of the lot which he had agreed to convey, and thereupon notified said Hipple that he would not purchase said lot, and called the deal off, stating that he would return the papers within a day or two, and thereafter, on January 25, affiant did return the deed which had been given to him for examination of title, and the article of agreement, and plan. Shortly afterwards, affiant through his attorney requested that the $100 paid by him on account be returned and as early as February 13, 1897, affiant's attorney made a written request of

said C. E. Pope, that he return the said $100, he, the said attorney, having previously, as affiant is informed and believes, requested said Hipple to return said money.

Plaintiff never made a second tender of the deed until February 24, several days after defendant had brought suit to recover back said $100 paid as purchase money as above stated. If, as plaintiff avers, he had no knowledge of the error in the deed from Sampson until February 15, 1897, it was not the fault of affiant, because as early as January 23, and again on January 25, plaintiff's agent was notified distinctly of the fact that said plaintiff did not own the lot which he undertook to convey to affiant.

Affiant avers that he was deceived and misled, and further, that otherwise he would not have entered into the agreement for the purchase of said lot.

The court in an opinion by SLAGEL, J., made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. McF. Carpenter*, with him *A. K. Stevenson*, for appellant, cited Cortelyou's App., 102 Pa. 576 ; Bryson v. Trustees, etc., 168 Pa. 352.

*F. R. Stoner*, for appellee, cited : Tiernan v. Roland, 15 Pa. 429 ; Irvin v. Bleakley, 67 Pa. 28 ; Leaird v. Smith, 44 N. Y. 618 ; Maginnis v. Fallon, 2 Mol. 561 ; McGowan v. Bailey, 146 Pa. 572 ; McGowan v. Bailey, 155 Pa. 256 ; Stockton v. Gould, 149 Pa. 68.

OPINION BY MR. JUSTICE FELL, January 2, 1899 :

The original affidavit of defense does not meet the averments of the plaintiff's claim. Anticipating the defense that the first deed tendered included land to which he had no title, the plaintiff in his statement admits that there was an error in the description, and explains that it was due to following an error in the deed from his grantor, and avers that when it became known to him he procured a conveyance of the part omitted by mistake, and then tendered the defendant a deed for the lot sold to him.

But the supplemental affidavit sets up as a distinct ground of

defense that the defendant was deceived and misled by the plaintiff as to the location of the lot which he agreed to purchase. The substance of the affidavit on this branch of the defense is that the conveyance was to be subject to certain restrictions in regard to a private roadway which was marked on the plan of lots exhibited to the defendant when he was negotiating for the purchase ; that he asked the plaintiff how far the northwesterly line of the lot was from this roadway, and was told that the distance was fifteen or twenty feet, while in fact the lot was very close to the roadway, and on a much steeper portion of the ground, and that in improving the lot it would probably be necessary to build a retaining wall; that this was a misrepresentation of a material fact affecting the value of the land ; and that he was deceived and misled by it, and would not have entered into the agreement if the truth had been told him.

This ground of defense is not well stated, but taking the affidavit as a whole there was enough set out to entitle the defendant to a trial.   The distances were not marked on the plan, and if the affidavit is true the defendant relied upon and was misled by a statement of the plaintiff as to the location of the lot.

The judgment is reversed with a procedendo.