## Herrlein v. City of McKeesport, Appellant.

*Negligence—Municipalities—Highways—Dangerous condition—Case for jury—Pleading—Evidence—Variance—Waiver.*

1. The case was properly submitted to the jury in an action to recover from a municipality for injuries sustained by plaintiff in consequence of stepping into a hole in the footway of a bridge forming part of a public highway, which he was using after dark and of the unsafe condition of which he was ignorant, where it appeared that the hole had been caused by the rotting of the planking which condition had existed for a sufficient time to charge defendant with constructive notice thereof.

2. The failure to raise the objection that there was a variance between the allegata and probata at the trial of such a case will be regarded as a waiver of such alleged variance.

Argued Oct. 13, 1914. Appeal, No. 18, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1911, No. 123, on verdict for plaintiff, in case of Charles Herrlein v. City of McKeesport. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
The facts appear in the following opinion of HAY-

MAKER, J., sur defendant's motion for a new trial and for judgment n. o. v.:

This action was to recover for personal injuries caused by a defect in a public highway. A wooden bridge over a small stream formed a part of Fifth avenue. The plaintiff was injured while traveling along the footway of the bridge, about 9:30 o'clock on the night of July 10th, 1911. On the cartway of the bridge are double tracks of a street railway, and on each side of the cartway is a footwalk of five or six feet in width, each separated from the cartway by a wooden stringer, six by eight inches, bolted to the floor of the bridge. Some fifteen years ago, in repairing the bridge, the planks in the cartway were replaced by new ones and the old ones were used in the construction of the footwalks. There was evidence that the footwalk, over which the plaintiff was traveling at the time he was hurt, was patched in a number of places by placing and nailing planks on top of those worn or decayed, thereby causing ridges or uneven places, and that the footwalk, at the time of the injury and for several years prior thereto, was in an unsafe and dangerous condition, owing to rotten and decayed planks. The plaintiff was injured by stepping into a hole in the sidewalk at a time when the bridge was poorly lighted, and without any knowledge on his part that the walk was an unsafe place on which to travel. The hole was about eight by twelve or fifteen inches, and the ends remaining of the broken plank indicated its rotten condition at the time. While the evidence showed that the cartway was entirely safe, and that the other footway was in a better, and probably a safer condition, yet there was no evidence that the plaintiff had any knowledge that one side was any safer than the other, or that either one was unsafe, and we know of no rule requiring pedestrians to use the cartway of a bridge, in the absence of knowledge of danger elsewhere thereon. We can recall no evidence of such knowledge on the part of the plaintiff of the

defective character of the footwalk, to justify the court in holding as a matter of law that he was guilty of contributory negligence in using it in common with the general public.

On the argument of the motion for judgment n. o. v. the defendant contended that we should have affirmed its point "that under the pleadings and evidence in this case their verdict must be for the defendant" on the ground of variance between plaintiff's statement and his proof. It is true that the plaintiff alleged "that...... the planks thereof broke and the plaintiff's right leg went through said hole caused by the breaking of said planks," while the evidence showed that the hole had been there probably an hour and a half before the plaintiff was hurt, and that he was injured by stepping into it. The defendant raised no objection to the variance at the time of the trial, cross-examined plaintiff's witnesses in relation to the existence of the hole previous to the accident, made no motion for a nonsuit, but put in its evidence and tried the case on the merits. We think the objection of variance came too late.

The defendant contends that as the hole existed only for about one hour and a half before the accident, there was no constructive notice of that fact to the defendant. Had there been any evidence that the hole had been caused by violence of any kind to the plank, beyond that ordinarily applied by persons walking upon it, a more serious question would have been raised, but the evidence showed that the plank was in a rotten and decayed condition at the time it gave way, and if the hole was caused by that condition, and the plaintiff stepped into it, without fault on his part, and was injured, the rotten condition of the plank was the proximate cause of the injury.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict

for defendant and in refusing to enter judgment for defendant n. o. v.

*R. B. Wolf,* with him *W. E. Newlin,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

PER CURIAM, January 2, 1915:

The judgment is affirmed on the opinion of Judge HAYMAKER.