Culbertson et ux., Appellants, *v.* Ansell.

Argued January 7, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*E. Spencer Miller,* for appellants.—A defect of the nature of failure to prove the case as pleaded, the evidence tending to prove one varying in some points, will be cured by verdict if the appropriate objection is not made at trial in due time and proper manner: Clark v.

Steele, 255 Pa. 330; Herrlein v. McKeesport, 247 Pa. 277; Morgan v. Electric Co., 213 Pa. 151; Kirchner v. Smith, 207 Pa. 431; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1; Kroegher v. McConway, 149 Pa. 444; Greenough v. Small, 137 Pa. 128; Nashua S. Bank v. Anglo-American L. Co., 189 U. S. 221.

In this case there was no variance at trial from plaintiffs' statement as to the date of closing the contract: Sikorski v. Ry., 260 Pa. 243.

The statute of frauds is not a defense to a suit on an oral contract for the sale of real estate, where the establishment of right to the property is not involved: Tripp v. Bishop, 56 Pa. 424; Simon v. Beeck, 300 Pa. 334.

*J. H. Buckman,* of *Buckman & Buckman,* for appellee.—No agreement between plaintiffs and defendant was shown by the evidence.

The alleged contract sued upon is within the statute of frauds and unenforceable because denied and not evidenced by writing: Franklin Sugar R. Co. v. John, 279 Pa. 104; Swift & Co. v. Meehan, 283 Pa. 429; Franklin Sugar R. Co. v. Eiseman, 290 Pa. 486; Colonial Trust Co. v. Coal Co., 287 Pa. 284; Rawdon v. Dodge, 40 Mich. 697.

If it ever had any existence, the alleged oral contract sued upon was superseded by the subsequent written instruments inconsistent with it: Jones v. Wood, 16 Pa. 25; Shontz v. Brown, 27 Pa. 123; Gianni v. Russell & Co., 281 Pa. 320; Murphy v. Pinney, 86 Pa. Superior Ct. 458; Neville v. Kretzschmar, 271 Pa. 222.

OPINION BY MR. JUSTICE WALLING, January 26, 1931:

In 1924 Pompey Ansell, the defendant, a contractor and builder, erected a connected row of two-story brick residences on the east side of Edgemore Road, extending northerly from Media Street, Philadelphia. In the fall of that year the plaintiffs, Thomas A. Culbertson and wife, bought from Ansell the corner one of the houses

abutting on Media Street. They took possession in November, the contract for the purchase having been made in October, with Mrs. Culbertson named as sole purchaser, while the deed was made in December to both plaintiffs, and both joined in the bond and mortgage of $2,500 given for the balance of the purchase price. They assumed a first mortgage of $5,000 and the remainder of the $9,500 consideration was paid or otherwise adjusted. Mr. Culbertson was present when his wife executed the contract and thereafter, by accepting the deed as joint owner with his wife and joining in the bond and mortgage, in effect adopted it.

The houses had just been built on land recently filled to the depth of approximately forty feet, with more or less loose material, except the south wall of the house in question, which was on solid ground. As a result, the house, except this wall, soon began to settle and gradually continued. This caused large cracks and openings in the brick walls, also cracked the stone fireplace and tile bathroom, caused plaster to fall, threw the pillars supporting the room over the front porch out of plumb, made doors and windows fast, etc. The settling also included the party wall between plaintiffs' and the adjoining house, which caused the floors to slope, and in a few months the house became in such condition as to be condemned as unsafe by the city building inspector. Thereafter, the sheriff sold the property on the first mortgage to Ansell for $5,700, and plaintiffs were turned out of possession.

Later, they brought this suit in assumpsit and declared on an oral contract as of the date of the delivery of the deed, averring, inter alia, and in effect, that therein the defendant made grossly false statements that the house was built with the usual safeguards of dwelling houses in Philadelphia, whereas the foundations were defectively constructed and so unstable that they soon gave way, whereby the house was damaged to the extent of $5,000. The evidence tended to show that the foun-

dation of the house in question was not constructed in conformity with the statutes and ordinances relating to the erection of buildings in Philadelphia. The defendant's affidavit of defense expressly denied any oral or other agreement besides the written one with Mrs. Culbertson and interposed a counterclaim for the unpaid balance of the bond and second mortgage and also a note for $250 given him by plaintiffs in connection with the purchase. The counterclaim amounting to $2,182.51 was not contested. The defendant also contended that blasting and surface water caused the house to settle and not a defective foundation. Plaintiffs' evidence indicated that the lack of proper foundations had caused damages to the house of from $4,400 to $5,000, while the defendant's evidence was that the defective foundations and damages caused thereby had been remedied for approximately $900. Plaintiff recovered a verdict of $2,817.

While defendant was the real owner of the property and erected the houses as such, the legal title was in the name of Charles G. Evans, for whom Ansell ostensibly acted as agent in making the sale. The written agreement says, inter alia, the purchaser takes the "premises as is," and also stipulates, "It is understood that Pompey Ansell is acting as agent only and will in no case whatsoever be held liable to either party for the performance of any term or covenant of this agreement, or for damages for nonperformance thereof."

The defendant, having asked for binding instructions, entered a rule for judgment non obstante veredicto, which in due course the court in banc granted and therefrom plaintiffs brought this appeal. This ruling was based upon the ground that plaintiffs had failed to prove the oral contract declared upon and that the only contract preceding the conveyance was the written one of October with Mrs. Culbertson. Our examination of the record confirms that conclusion, for it contains no sufficient proof of an oral contract. Furthermore, no re-

covery could have been had upon the written contract, as drawn, had it been declared upon. There is, however, evidence to support a finding that the defendant falsely stated to the plaintiffs and to their agent that the house in question had solid rock foundations when he knew the contrary and that thereby plaintiffs were deceived to their injury. The proofs might have supported an action for deceit, but there was no such action. True, plaintiffs could waive the tort and sue in assumpsit, but the trouble is, no tort is averred, as plaintiffs' statement contains no allegation of fraud, nor any averment that the defendant knew his statements were false, the gist of an action for deceit. Regardless of the pleadings the case was not tried as an action of deceit. Furthermore, the defendant denied making the alleged false statements and no question of fraud or deceit was passed upon by the jury. To reinstate the verdict would imply a finding by the jury that the defendant was guilty of wilful falsehood amounting to fraud, when there was no such finding. The case was submitted as an action of assumpsit on an oral contract, which the trial judge assumed existed. The charge made no mention of the question of fraud or of the rule that it must be established by clear and satisfactory evidence. See Nelson v. Steen, 192 Pa. 581; Pusic v. Salak et al., 261 Pa. 512; 20 Cyc. 120. Hence, the verdict cannot be sustained on that ground, even if in support thereof we treat plaintiffs' statement as amended and the proof as sufficient. To do so would in effect deprive the defendant of having the question of fraud passed upon by a jury.

Moreover, while the defendant might be held liable despite the provisions of the written contract, if its execution was procured by fraud, the proof thereof must be clear, precise and indubitable: Thompson, Receiver, v. Schoch, 254 Pa. 585. "The rule that fraud in the making of a written agreement may be shown by parol evidence, to change its legal effect, is too well established to need any citation of authorities to sustain it. The

evidence however must be clear, precise and indubitable": Wolfe v. Arrott, 109 Pa. 473, 477. In the instant case, this would be a question for the jury: C. B. Howard & Co. v. Innes, 253 Pa. 593; Sulkin v. Gilbert, 218 Pa. 255, 260; Bruce v. Loeb & Loeb, 78 Pa. Superior Ct. 22. Hence, the trial court did not err in refusing to enter judgment for plaintiffs on the verdict.

There was, however, no objection to the testimony because of the pleadings and in support of the verdict it is now our duty to treat plaintiffs' statement as amended to conform to the proofs. See Clark v. Steele, 255 Pa. 330; Herrlein v. City of McKeesport, 247 Pa. 277; Trainor v. R. R. Co., 137 Pa. 148; Bolton v. King, 105 Pa. 78. So doing, the case was for the jury, for plaintiffs' evidence tended strongly to show that defendant who constructed the house and well knew it was upon filled and unstable ground, assured plaintiffs it stood on solid rock. This wilful falsehood, if established to the satisfaction of the jury, would justify a finding of such fraud on his part as to warrant a recovery (see Nelson v. Martin, 105 Pa. 229), for the proof tended to show plaintiffs bought the property in reliance upon this assurance. See Pope v. Michel, 189 Pa. 125. It was not therefore a case for binding instructions for the defendant. Having been tried upon a wrong theory, for which neither the defendant nor the trial court was responsible, the only way to work out justice is by a new trial.

The judgment is reversed and the record is remitted with directions to reinstate and make absolute the rule for a new trial.