**Walter v. Tunney**

C.P. of Butler County, no. 97-10121.

*Richard E. Goldinger,* for plaintiffs.

*Thomas A. McDonnell,* for defendant Tunney.

*Rebecca Sember* and *Edward A. Yurcon,* for defendant Bieber.

*Lee A. Montgomery,* for defendant Nusser.

*John R. Benty,* for defendant Commonwealth.

O'BRIEN, *P.J.,* April 28, 2000—Defendant Edward J. Nusser, defendant Daniel Bieber, and defendant Jack H. Tunney have individually filed motions for summary judgment and/or partial summary judgment in the action brought against them by plaintiffs Christine and Paul Walter.

On October 4, 1995, plaintiff Paul Walter was driving his 1930 Ford Street Rod Coupe on State Route 356 in Butler County with his daughter, Emily Walter, riding as a passenger. After passing several slow-moving vehicles, plaintiff Paul Walter attempted to move the automobile back into the non-passing lane of traffic when he lost control of the automobile. The automobile flipped over and landed on the roadway. Emily Walter was killed as a result of this automobile accident.

In their amended complaint, plaintiffs Walter aver defendant Tunney was the original owner of the automobile and the owner who allegedly built and reconstructed the 1930 Ford Street Rod Coupe. Plaintiffs Walter allege defendant Tunney was negligent in constructing the automobile, specifically in using faulty ladder bars, failing to properly weld portions of the automobile, and failing to include emergency braking system cables. Plaintiffs Walter have filed a wrongful death action (Count I) and survival action (Count II) against defendant Tunney.

Plaintiffs Walter have also filed a wrongful death action (Count III) and a survival action (Count IV) against defendant Bieber. Plaintiffs Walter allege defendant Bieber was negligent in performing a state required inspection of the automobile. Specifically, plaintiffs Walter aver defendant Bieber failed to notice the automobile was not equipped with an emergency braking system cable, failed to notice the improperly welded portions of the automobile, failed to notice the faulty ladder bars, and failed to properly perform the inspection in such a manner as to discover these defects in the automobile.

A wrongful death action (Count V) and a survival action (Count VI) have also been filed against defendant Nusser. Plaintiffs Walter allege defendant Nusser's negligence arose out of his failure to notify plaintiffs Walter of the defects at the time they purchased the automobile from defendant Nusser. Plaintiffs Walter contend defendant Nusser should have known of the existence of the defects and erroneously advised plaintiffs Walter at the time of the purchase that the automobile was in perfect condition.

Finally, plaintiffs Walter had similarly filed a wrongful death action (Count VII) and a survival action (Count VIII) against the Commonwealth of Pennsylvania Bureau of Motor Vehicle Inspection. Plaintiffs Walter alleged defendant the Commonwealth was negligent in certifying defendant Bieber Automotive as a station approved to perform motor vehicle inspections. The court, in a memorandum opinion and order of court dated March 17, 1999, found the doctrine of sovereign immunity barred the claims against defendant, the Commonwealth,

and the court granted defendant, the Commonwealth's, motion for summary judgment.

### Defendant Nusser's Motion for Summary Judgment and/or Partial Summary Judgment

Defendant Nusser has filed a motion for summary judgment and/or partial summary judgment on the grounds plaintiff Paul Walter was contributorily negligent in causing the accident because he was operating the automobile at a speed in excess of the posted speed limit. Defendant Nusser also contends plaintiffs Walter purchased the automobile in an "as is" condition thereby receiving no expressed or implied warranties as to the condition of the automobile. Defendant Nusser contends selling the automobile in an "as is" condition provides him with an absolute defense and a total release and/or waiver of liability for the injuries sustained in the accident.

The Supreme Court of Pennsylvania has stated in instances where a plaintiff has purchased an item pursuant to a contract containing the language "as is," the defendant seller may still be held liable despite the provisions of the written contract if the defendant seller procured the sale and execution of the contract by fraud. See *Culbertson v. Ansell*, 303 Pa. 46, 153 A. 900 (1931).

The Superior Court has further remarked that the courts are reluctant to place the harshness of risk of loss entirely on an inexperienced consumer who has purchased goods pursuant to an "as is" sales agreement. See *PBS Coals Inc. v. Burnham Coal Co.*, 384 Pa. Super. 323, 558 A.2d 562 (1989).

In the present action, the written contract for the sale/purchase of the 1930 Ford Coupe is a handwritten note dated June 16, 1995, reading as follows:

"I have bought a 1930 Ford car on the above date from Ed Nusser and it is in as-is condition with no warranty implied or given.

"s/ Paul R. Walter"

Plaintiffs Walter's allegations are that the automobile was negligently reconstructed, specifically faulty ladder bars were used, portions of the automobile were not properly welded, and emergency braking system cables were not installed. Plaintiffs Walter contend defendant Nusser was negligent in failing to inform plaintiffs Walter of these defects at the time plaintiffs purchased the automobile. Plaintiffs Walter also aver defendant Nusser informed plaintiffs Walter at the time of the purchase that the automobile was in perfect condition.

The court finds material issues of fact exist as to whether or not defendant Nusser knew, at the time of selling the automobile, that the automobile contained the alleged defects. Material issues of fact also exist as to what representations defendant Nusser made to plaintiffs Walter concerning the condition of the automobile, whether defendant Nusser represented the automobile as being in "perfect condition," whether these representations amounted to fraud, based upon defendant Nusser's knowledge of the condition of the automobile, and whether plaintiffs Walter were induced into purchasing the automobile based upon these representations.

Defendant Nusser also argues plaintiff Paul Walter was operating the automobile at a speed in excess of the le-

gal limit and that this excessive speed contributed to the accident. Plaintiffs Walter argue the question of whether plaintiff Paul Walter was speeding is independent of the cause of the accident. Plaintiffs Walter contend the accident was caused in whole by the faulty ladder bar, defective welding and lack of an emergency brake.

In reviewing the deposition testimony of several witnesses to the accident and the officer who performed accident reconstruction tests, the court finds there is differences in opinion as to the exact speed the automobile was traveling. The allegations of speed range from "going fast" to a calculated "79 miles per hour." The speed limit in the area of the accident was testified to as being between 35 and 40 miles per hour. One of the witnesses, David P. Miller, testified the automobile appeared to be moving at the speed limit, but accelerated as it proceeded up an incline in the road.

The court finds there is a material fact as to the exact speed the automobile was traveling at the time of the accident. The court also finds issues exist as to whether plaintiff Paul Walter was operating the automobile at a speed that contributed to the cause of the accident or whether the accident was solely the result of the alleged defects in the automobile.

Therefore, the court finds defendant Nusser is not entitled to a grant of summary judgment or partial summary judgment.

*Defendant Bieber's Motion for Summary Judgment and/or Partial Summary Judgment*

Defendant Bieber contends he is entitled to summary judgment on the grounds section 4702.1 of title 75 relieves inspection stations from liability resulting from the failure or malfunction of a vehicle unless negligence on the part of the inspection station can be shown. In the alternative, defendant Bieber contends he is entitled to partial summary judgment on the grounds plaintiffs Walter were contributorily negligent by operating the vehicle at a speed in excess of the lawful, posted speed limit.

Section 4702.1 of title 75 states as follows:

*"(a) General rule.*—An inspection conducted pursuant to section 4702(a) (relating to annual inspection) shall not be construed as a guaranty of the safety of any vehicle and neither the official inspection station issuing the certificate of inspection nor the official inspection mechanic performing the inspection shall be liable to the owner or occupants of any inspected vehicle for any damages caused by the failure or malfunction of that vehicle . . . unless it can be shown by a preponderance of the evidence that the failure was caused by the negligence of the inspection station or mechanic."

See 75 Pa.C.S. §4702.1. Section 4702(a) of title 75 provides that the Pennsylvania Department of Transportation shall establish system for annual safety inspection of motor vehicles. See 75 Pa.C.S. §4702(a). Section 4702(c) of title 75 further provides that PennDOT shall prescribe special inspection criteria for

vehicles registered as street rods. See 75 Pa.C.S. §4702(c).

In the present action, plaintiffs Walter allege defendant Bieber was negligent in performing the inspection of the automobile. Specifically, plaintiffs Walter allege defendant Bieber failed to perform the inspection in such a way as to detect the lack of an emergency brake cable, notice the defective welded portions of the automobile, and notice the presence of weak ladder bars.

The Vehicle Equipment and Inspection Regulations prescribed by PennDOT state the inspection station and mechanic's duties include, inter alia, to inspect the vehicle frame and reject the vehicle if the "frame components are missing, cracked, rotted or broken, or are in deteriorated or dangerous condition."

Defendant Bieber stated in his deposition an inspection of the automobile was performed and the frame was examined for defective and/or faulty portions. Defendant Bieber stated he did not find any cracks or damaged areas in the frame of the automobile that would require repair and/or replacement before the automobile could be passed for state inspection.

Experts for plaintiffs Walter indicated in their reports that cracks and damage were present in the frame of the automobile. Daniel R. Aerni, a professional engineer, concluded after examining the automobile that in his opinion the cracks and damage to the frame were present at the time of the state inspection and that while difficult to detect, the detection of these cracks and damage by the inspection station would not have been impossible.

The court finds there are material facts existing as to whether the cracks and damage to the frame of the automobile were present at the time of the state inspection, and whether the cracks and damage were significant enough to be readily detected in a routine inspection by defendant Bieber. The court further finds material facts exist as to whether defendant Bieber, if the cracks and damage are shown to have been present and detectable at the time of inspection, failed to follow the requirements for vehicle inspection prescribed by PennDOT and in so doing negligently failed to detect these cracks and damage.

As discussed above, the court finds material issues exist as to whether plaintiff Paul Walter was operating the automobile at a speed in excess of the speed limit, and whether the speed at which he was operating the vehicle contributed to the cause of the accident or whether the accident was due solely to the alleged defects in the frame of the automobile.

Therefore, the court finds defendant Bieber is not entitled to summary judgment or partial summary judgment.

### *Defendant Tunney's Motion for Summary Judgment and/or Partial Summary Judgment*

Defendant Tunney, the original owner of the automobile and the individual who reconstructed the automobile, seeks partial summary judgment on the grounds plaintiff Walter was operating the automobile in a careless, negligent, and reckless manner at the time of the accident. Defendant Tunney contends he is entitled to

summary judgment on the basis that he performed limited work on the automobile, specifically replacing the radiator, engine, and transmission.

In their complaint, plaintiffs Walter contend defendant Tunney was responsible for the reconstruction work done on the automobile, specifically the work done pertaining to the ladder bar, the welding of the frame, and the emergency braking system. Defendant Tunney argues he purchased the automobile from Michael Katrucka in October 1988. Defendant Tunney contends the only work he performed on the automobile was work relating to the radiator, engine, and transmission. In his affidavit, defendant Tunney states he did not perform welding on the rear suspension or ladder bars of the automobile. Defendant Tunney also avers he did not perform mechanical work relating to the emergency braking system.

The court finds issues exist as to who performed the alterations on the automobile in an allegedly defective manner. Plaintiffs Walter contend defendant Tunney originally made the modification. Defendant Tunney contends the modifications and reconstruction of the automobile were performed by the previous owner, Michael Katrucka. Defendant Tunney does, however, admit he performed some work on the automobile relating to the radiator, engine, and transmission.

As previously discussed, there are material questions of fact as to plaintiff Paul Walter's operation of the automobile at the time of the accident and whether he was operating the automobile at an excessive speed, whether

his operation of the automobile amounted to careless, negligent, reckless operation, and whether his operation of the automobile contributed in any part to the accident.

Therefore, the court finds defendant Tunney is not entitled to summary judgment or partial summary judgment.

## ORDER

And now, April 28, 2000, the court hereby orders:

(1) Defendant Nusser's motion for summary judgment and/or partial summary judgment is denied.

(2) Defendant Bieber's motion for summary judgment and/or partial summary judgment is denied.

(3) Defendant Tunney's motion for summary judgment and/or partial summary judgment is denied.

The parties are to proceed in accordance with the Pennsylvania Rules of Civil Procedure.