Riley, Appellant, v. Pittston Coal Mining Company.

*Negligence—Master and servant—Oiling machinery—Act of June 2, 1891, P. L. 176.*

1. A boy seventeen years of age who gets into close proximity to dangerous machinery while it is in motion for the purpose of oiling it, and slips and is caught in the moving machinery, is guilty of contributory negligence under sec. 8, art. V of the Act of June 2, 1891, P. L. 176, which forbids any person oiling dangerous parts of machinery while it is in motion.

2. Complaint cannot be made by a servant that a safe place was not provided for him by his master, when it appears that he was injured while oiling dangerous machinery when it was in motion.

3. A plaintiff in an accident case who was injured while oiling machinery is not entitled to have the jury pass upon the dangerous character of the machinery where he has averred in his pleadings that the

machinery was dangerous, and such averment is established by his own evidence.

Argued April 12, 1909. Appeal, No. 306, Jan. T., 1908, by plaintiffs, from order of C. P. Luzerne Co., May T., 1906, No. 359, refusing to take off nonsuit in case of Francis Riley, by his next friend and father, Anthony Riley, and said Anthony Riley in his own right v. The Pittston Coal Mining Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HALSEY, J.

At the trial the court entered a nonsuit saying:

The allegation of the plaintiff is that this machinery was constructed in violation of the mine act of 1891, and as a result of such construction this boy plaintiff was injured; that there was negligence on the part of defendant and as a consequence the defendant ought to be responsible for the injury that plaintiff received. The mine act of 1891 provides that no person under fifteen years of age shall be appointed to oil the machinery, and no person shall oil dangerous parts of such machinery while it is in motion. You will recall the testimony of young Riley that he went to this moving machinery on the opposite side of this sprocket wheel where the box is, that he had an oil can with a spout on it six or seven inches long, that he oiled the box, the journal that was in the box, and that having oiled that part of it, he started around the end of the box for the purpose of reaching the box on this side in which the journal was located, to oil that, and while he was in motion for the purpose of reaching the box on the opposite side where the journal was, for the purpose of oiling it, he slipped upon the sheet-iron and went down into the sprocket wheel and was injured.

The rule of law is that it matters not how negligent the defendant may be, if the plaintiff himself is negligent in the slightest degree which inured and resulted in and caused him the injury for which he brings his action, he cannot recover. He was there and oiled that journal in that box when it was in motion. He started around to oil the journal in the opposite

box while the machinery was in motion, and he slipped upon the sheet-iron and went down into the box and was injured, and therefore he violated this part of the act of assembly: "And no person shall oil dangerous parts of machinery while it is in motion." He was guilty of negligence in oiling this machinery while it was in motion, and under this act of assembly is responsible for his negligence and therefore it becomes our duty to sustain this motion for a nonsuit. The nonsuit is allowed with the usual rule to show cause why the same shall not be taken off.

*Error assigned* was refusal to take off nonsuit.

*Thomas F. Farrell*, with him *James L. Lenahan*, for appellants.—The proof is that the plaintiff, at the time he fell under the wheel, was not actually engaged in oiling the machinery, but was walking around from one oil box to the other. The prohibition of the statute applies only to the actual act of oiling while the machinery is in motion.

We maintain that the proximate and sole efficient cause of this accident was the presence of the piece of sheet-iron upon which plaintiff slipped, which was negligently erected and maintained by defendant in proximity to the machinery in which plaintiff was injured. Plaintiff's alleged violation of the statute by oiling the machinery while in motion, and his presence about the machinery for that purpose, was only the condition that made the accident possible; it merely furnished the occasion of the accident, but was not the cause of it and in no way contributed to it as a cause: Farley v. Charleston Basket, etc., Co., 51 S. C. 222 (28 S. E. Repr. 193); Baughman v. Railroad Co., 92 Pa. 335; Railway Co. v. Boudrou, 92 Pa. 475; Creed v. Railroad Co., 86 Pa. 139; Artherholt v. Motor Co., 27 Pa. Superior Ct. 141; Sharrer v. Paxson, 171 Pa. 26; Gray v. Scott, 66 Pa. 345; Besecker v. Railroad Co., 220 Pa. 507; McCabe v. Philadelphia, 217 Pa. 140; Gannon v. Wilson, 18 W. N. C. 7; Hollis v. Widener, 221 Pa. 72.

The parts of the machinery oiled by the plaintiff in this case were not "dangerous parts" in contemplation of the statute;

and it was at least for the jury to say whether the machinery and the act of oiling it were of such a dangerous character as to convict plaintiff of contributory negligence: Kay v. Fredrigal, 3 Pa. 221; Carn v. Fillman, 10 W. N. C. 152; Lenahan v. Coal Mining Co., 12 L. R. A. (N. S.) 463; Gallenkamp v. Garvin Machine Co., 179 N. Y. 588 (72 N. E. Repr. 1142); Sullivan v. Cordage Co., 222 Pa. 40; Stehle v. Machine Co., 220 Pa. 617; Coolbroth v. Penna. R. R. Co., 209 Pa. 433; Ryan v. Ardis, 190 Pa. 66; Merriman v. Phillipsburg Boro., 158 Pa. 78.

*Benjamin R. Jones*, with him *Lawrence B. Jones*, for appellee. —The lower court held, and very properly, that even though defendant were negligent in the matter alleged, the plaintiff's negligence in oiling this machinery while it was in motion, in violation of the statute, was contributory, and prevented recovery: Lenahan v. Pittston Coal Mining Co., 218 Pa. 311; Best v. Staple Co., 218 Pa. 202.

Both the first and second declarations contain admissions that the machinery in question is dangerous, and such admissions may properly be taken as the statement of the plaintiff himself that the fact is so: 1 Greenleaf on Evidence, sec. 171; Truby v. Seybert, 12 Pa. 101; Frost v. Hirsch, 16 Pa. Dist. Rep. 831.

OPINION BY MR. JUSTICE BROWN, May 17, 1909:

Appellant was employed by the appellee to oil its machinery in connection with a conveyor or scraper-line used to convey culm to a washery. On September 15, 1905, when he was in his seventeenth year, he sustained the injuries for which he seeks compensation in this action. The accident occurred when he was alongside of the machinery for the purpose of oiling it while it was in motion. A nonsuit was directed on what the court below properly regarded as his contributory negligence in view of his disregard and violation of the Act of June 2, 1891, P. L. 176, which provides for the health and safety of persons employed in and about the anthracite coal mines. By sec. 8 of art. 5 of that act it is directed that no person under fifteen years of age shall be employed to oil machin-

ery, and no person shall oil dangerous parts of it while it is in motion. The circumstances under which the appellant was injured appear from the following extracts from his testimony: "I started out to oil the breaker half-past eight, eight o'clock I guess it was, and I walked to that scraper-line and oiled one box and went to walk across to the other. Q. What did you do when you went to the box? A. I stood there and oiled it, then I went to walk across to oil the other box and there was a piece of sheet-iron run out from under; was covered with culm dirt. I walked across, slipped on the sheet-iron, slipped in. I catched hold of the sheet-iron, pulled it in with me and it bent in a loop and the scraper-line broke. . . . Q. What happened when you were drawn in? A. After I was drawn in, the scraper-line broke. Q. How far were you drawn in? A. Up to my shoulders. Q. When you were drawn in, where were you squeezed, between the paddles and what? A. Between the paddles and the sheet-iron. . . . Q. I wish you would tell just how you were squeezed and where you were squeezed. I don't think you told it very clearly. A. I walked down to the oil box and oiled it. I fell in the scraper-line and the scraper-line catched my shoes first and pulled me all the way in until I come to here. They stuck then and broke. . . . Q. When you were oiling that machinery it was going, was it not? A. Yes, sir. Q. You had no business down at that wheel at all unless you went there to oil, did you? A. No, sir. Q. And at the time you was hurt you were there for the purpose of oiling that wheel? A. Yes, sir. Q. And you had oiled one box? A. Yes, sir. Q. And you started around the wheel while it was in motion to oil the other? A. Yes, sir."

The first reason urged for asking that this case be sent to a jury is that the appellant was not guilty of contributory negligence under the act of 1891, because at the time he was caught by the moving machinery he was not actually oiling it. This narrow construction of the act would in many instances defeat its very purpose, which is to protect oilers from all dangers connected with oiling machinery, and one of these certainly is getting into close proximity to it while it is in motion for the purpose of oiling it. An oiler approaching, pass-

ing around or bending over moving machinery for the purpose of his employment, though not pouring oil upon it, is just as likely to be caught by it as when actually oiling it, and what this appellant did was clearly within the prohibition of the statute. He had just finished oiling one box, and, as he started around the revolving wheel to oil another, slipped and was caught in the moving machinery. Being of an age that made his employment lawful, his contributory negligence stands in the way of his recovery: Lenahan v. Pittston Coal Mining Co., 218 Pa. 311.

It is next contended that, even if it be conceded that the appellant is to be regarded as having been engaged in the work of oiling at the time he was injured, his act was not the proximate cause of his injury and did not contribute to it, the same having resulted from an intervening cause—the negligence of the defendant in not providing him a safe place in which to do his work. We are not prepared to say that any such negligence was shown on the part of the defendant, and it is not necessary that we pass upon that question, for complaint cannot be made by a servant that a safe place was not provided for him when he is injured in doing that which he was expressly forbidden to do, either by his master or by the written law of the land. What happened to this appellant could not have happened if he had not been doing a prohibited thing.

Lastly, it is urged that the jury ought to have been permitted to pass upon the question of the dangerous character of the machinery. All moving machinery from contact with which one is liable to be injured is dangerous, and such was the character of the machinery in this case. In the first statement filed by the plaintiff it is described as dangerous, and in the second or amended one there is a similar averment by implication in the complaint that it was unguarded. These averments were established by the evidence, and under it the court could not have permitted the jury to find otherwise.

Judgment affirmed.