## Irwin *v.* Leuten Brick Company, Appellant.

*Practice, C. P.—Trial—Charge—Reading to jury portion of statement of claim—Variance.*

1. A trial judge commits no error in reading to the jury a portion of the plaintiff's statement of claim where it appears that he merely read what he might very well have stated from his own knowledge as the legal basis of the plaintiff's claim.

2. Where a defendant in a negligence case makes no objection at the trial to a variance between the allegata and the probata, he cannot after a trial on the merits and a verdict against him, set up such an objection as a plea to secure an absolute reversal or a new trial.

*Negligence—Unguarded machinery—Pleading—Act of May 2, 1905, P. L. 352—Contibutory negligence—Proximate cause.*

3. The Act of May 2, 1905, P. L. 352, does not need to be specially pleaded or offered in evidence to ground the right of an injured party to redress for damages for failure to properly guard machinery or comply with the provisions of the statute.

4. Where an employee is engaged in cleaning machinery in a proper place and in a proper manner under the instructions of his superintendent, and in some way the instrument with which he is working, is jerked from his hand, and his hand is thrown back over his head and strikes unguarded and exposed moving gear wheels, the proximate cause of the accident is the negligent exposure of the wheels, and not the prior slip or accidental movement by which the injured man's hand was thrown back.

Argued Oct. 21, 1914.    Appeal, No. 165, Oct. T., 1914, by defendants, from judgment of Municipal Court, Phila. Co., April T., 1914, No. 6, on verdict for plaintiff in case of William J. Irwin and William J. Irwin, in his own right, v. Leuten Brick Company.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

At the trial it appeared that plaintiff, a boy seventeen years old, was injured on March 21, 1913, while working

at a clay mixer in defendant's brick manufacturing plant.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for William J. Irwin, Jr., for $750, and verdict for William J. Irwin for $125, on which judgment was entered for $100, all above that amount having been remitted.

*Errors assigned* were (1) the action of the trial judge in reading a portion of the plaintiff's statement to the jury; (2) alleged variance between the allegata and probata; (3) refusal of binding instructions for defendant.

*Henry A. Hoefler,* for appellant.—It was improper to read the statement: Reese v. Hershey, 163 Pa. 253; Hollinger v. York Rys. Co., 225 Pa. 419.

The variance was fatal: Wagner v. Standard S. Mfg. Co., 244 Pa. 310; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Goodman v. Coal Twp., 206 Pa. 624; Stewart v. DeNoon, 220 Pa. 154.

The act of 1905 was not pleaded or offered in evidence: Hogarty v. Phila. & R. R., 245 Pa. 451.

The plaintiff was guilty of contributory negligence in cleaning the machine while it was in motion: Lenahan v. Pittston Coal Mining Co., 218 Pa. 311; Stehle v. Jaeger Auto Mach. Co., 220 Pa. 617; Valjago v. Carnegie Steel Co., 226 Pa. 514; Best v. Williamsport Staple Co., 218 Pa. 202.

*L. Pearson Scott,* with him *Thomas M. Woodward,* for appellee.

OPINION BY KEPHART, J., February 24, 1915:

William J. Irwin, Jr., seventeen years of age, was employed by the defendant as a temperer of clay. He worked at the pugmill or clay mixer, which is about seven feet long, two and one-half feet wide and of the

same depth, the box being of an oval shape. It has a shaft inside, to which were attached twenty knives used to cut or mix the mass of clay as it passes through the mixer. A platform is placed at the top. A belt eighteen inches wide carries the clay to the mixer. This belt is operated by gear wheels five and six feet above the platform. As the clay passes through the mixer it is forced into a die at the end, where it is made into a brick. It was the duty of the workman to keep the mixer clean. This he did while standing on the platform, by the use of a spade put into the clay, cleaning it away from the sides, where it would sometimes stick and clog the mixer. While in the performance of this act, his spade came in contact with one of the knives. This jerked the spade from his hand, causing his hand to be thrown back over his head, striking the exposed gear wheels, from which the injury complained of resulted. The young man testifies that he was instructed by the superintendent to clear or clean the mixer while it was in motion, that this was a part of his duties.

The first assignment of error complains of the trial court reading to the jury that portion of the plaintiff's statement with reference to the gear wheels not being properly guarded as required by the act of assembly. The learned judge merely read what he might very well have stated from his own knowledge as the legal basis of the plaintiff's claim. This assignment is without merit.

The second assignment sets up a variance between the allegata and probata. It is quite true that "as long as the case of plaintiffs was being presented the defendant could not know that it would not be made out as pleaded, and only when plaintiffs rested was it known that it had not been made out, and the nonsuit was promptly asked for:" Stewart v. De Noon, 220 Pa. 159. This is not a license for the defendant to permit the evidence forming the basis of the plaintiff's cause, here complained of, to be presented without specific objec-

tion, so that the trial court and the litigant might have an opportunity to correct it.   It is not the office of a plea of variance to enable a party to wait, taking a chance as to the result of the verdict, and then, if it is adverse, to rely on such plea to secure an absolute reversal or a new trial. As was stated by our Brother HEAD, in Clark v. Millett, 57 Pa. Superior Ct. 287, "No objection was made to the admission of the evidence as we have it on the ground that it was not in harmony with the pleadings.   Had such objection been made and sustained, the plaintiff could have moved to amend her declaration so as to make its allegations conform with the proof offered. The defendants having waived any such objection, and having chosen to abide the result of the testimony actually offered and admitted, it was not the function of the learned trial judge to raise this objection of his own motion and assign it as a reason for refusing to take off the compulsory nonsuit."   To the same effect is Shaffer v. Bahr, 57 Pa. Superior Ct. 51.   We are not satisfied from reading the plaintiff's statement that the evidence offered was such a variance as claimed by the appellant.   The gear wheels were certainly part of the machinery looking toward the operation of the mill, and we are not convinced that the court would have been in error, had he permitted the testimony to go in under the statement as filed, over the specific objection of the appellant, had it been made.

The third, fourth, fifth and sixth assignments relate to the requests for binding instructions and the denial of the motion for the entry of a judgment n. o. v.   The reasons assigned were, (1) That the act of 1905, relating to guarding machinery, was not specifically pleaded. This statute does not abrogate the common law pro tanto.   The principle of liability for accidents caused from unguarded machinery had its origin before the act of 1905 existed.   As was said by Mr. Justice POTTER, in Fegley v. Lycoming Rubber Co., 231 Pa. 446, "The common experience of mankind has shown the danger to be

apprehended from unguarded machinery, and especially that from uncovered, revolving cogwheels, and has made clear the duty of protecting from that danger those whose duties bring them in proximity to such machinery. The statute has merely crystallized the demands of ordinary prudence, in requiring that cogwheels, gearing and other machinery shall be covered." The Act of May 2, 1905, P. L. 352, does not need to be specially pleaded or offered in evidence to ground the right of an injured party to redress for damages for failure to properly guard machinery or comply with the provisions of the statute. (2) Was the plaintiff guilty of contributory negligence as a matter of law in cleaning the machine while it was in motion? This is the appellant's theory of the case. From the testimony, the boy was acting under the instructions of the superintendent in cleaning the mixer while it was in motion; it was a part of his duties to thus clean it and the proper way to clean the machine was to do it while it was in motion. This is a fair deduction to be taken from the plaintiff's testimony. He was not injured in cleaning the mixer. While his spade caught in the knives he was not hurt thereby. Had he been tossed into the mixer and injured by the knives, the question of not being able to properly guard this dangerous machine would arise; but the plaintiff was injured by having his hand thrown back against another part of the machinery, the cogwheels, which were not guarded. He was performing an act clearly within the scope of his employment, in a proper manner, at a proper time, and at a proper place. The injury was directly chargeable to the failure of the defendant to properly guard the gear wheels as required by the act of 1905. "The machinery is to be guarded, not only for the protection of those working at or about it, but for the safety of all other employees in the establishment who may fairly and without fault on their part come into contact with it:" Lanahan v. Manufacturing Co., 240 Pa. 292. The catching of the spade by the knives and jerking it

from the operator's hand was not the proximate cause. "To hold that a prior slip or an accidental movement which brings an unfortunate workman into contact with uncovered cogwheels, is to be considered as the proximate cause of the resulting injury, would be to practically nullify the provisions of the law made to protect against such risks:" Fegley v. Lycoming Rubber Co., supra. The case of Riley v. Pittston Coal M. Co., 224 Pa. 633, was determined under its facts and the mining act of June 2, 1891. Also, in Best v. Williamsport Staple Co., 218 Pa. 202, it was not a part of the workman's duty to clean this very dangerous machinery while it was in motion. It was in no way so connected with the successful performance of his duties as to make it apparently necessary that the machine should then be cleaned, and was clearly held not to be within the scope of his employment or done at a proper time and in a proper manner. The facts are clearly distinguishable from the case at bar. These assignments are overruled.

The seventh assignment of error raises the question of the excessiveness of the verdict. We are not prepared to say, under the facts as developed at the trial, the injury to the finger and to the boy's system, occasioned by blood poisoning, that the amount of the verdict was excessive. This assignment is overruled.

Judgment affirmed at the cost of the appellant.