The National Cash Register Co., Appellant, *v.* Ancre et al.

Argued October 2, 1929.

Before Porter, P. J., Trex-
ler, Keller, Linn, Gawthrop, Cunningham and
Baldrige, JJ.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,*
for appellant.

*Charles L. Smyth,* for appellee.

Opinion by Trexler, J., November 18, 1929:

This was an action of replevin. The cash register of
the plaintiff, while upon the premises of a tenant, had
been levied upon for rent. The matter came to trial
upon the question as to whether a lien of the landlord
existed at the time when the writ of replevin was
issued. The plaintiff, by virtue of the writ, took pos-
session of the chattel and the remainder of the goods
upon the premises not being sufficient to pay all of the
rent due, there was a counter-claim for as much of the
balance of the rent remaining unpaid as the register
would have produced if sold.

The case was tried without any exceptions being
taken to any of the evidence submitted. At the con-
clusion of the charge of the court, the plaintiff's at-

torney urged two objections to it. The first, that the court·erred in stating, "It all depends on whether you believe the defendant distrained on the cash register?" The attorney then continued, "In the counter-claim it states it distrained on June 2nd and I take it thât is the only distraint he can prove before the Court." The matter is not very clear, but apparently, for the first time the plaintiff took this method of calling to the attention of the court that the date of distraint set out in the pleadings was June 2nd, while in the testimony it was May 29th. This variance between the date of the levy and the dates set out in the counter-claim was not material as there was no doubt that the distraint antedated the replevin suit. Had the plaintiff by an objection, called attention to the variance at the time the testimony was presented, the defendant could have moved to amend: Irwin v. Leuten Brick Co., 59 Pa. Superior Ct. 150; Kehres v. Stuempfle, 288 Pa. 534.

The second objection was as follows, "Furthermore, your Honor referred to the constable's return, which I take it was not offered in evidence and not admitted in evidence and not properly proven." To this the court made answer that if the constable's return was objected to or had been, it would sustain the objection, (for what reason is not set out), but added that the landlord's testimony was that he was present personally and saw the register levied upon and that he was there when the sheriff was there and that he got the cash register through the constable. If believed by the jury, this was sufficient. If the defendant thought that the proper method of proof was not employed, he should have made this objection at the time the testimony was presented. As stated before the proof of the levy was admitted without objection.

We find nothing of merit in the appeal and the judgment is affirmed.