# Nicholas Kostivich v. Kate Kostivich, Appellant.

*Assumpsit—Charge of court—Question of fact—General exception prior to Act of May 24, 1923, P. L. 439.*

In the trial of an action prior to the passage of Act of May 24, 1923, P. L. 439 where no exception is taken to a particular portion of the charge assigned as error, the appellate court cannot consider it under a general exception unless basic or fundamental error appears.

In an action of assumpsit for money had and received, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue was strictly one of fact and the case was submitted in a charge that was free from error.

Argued March 3, 1924. Appeal, No. 3, Feb. T., 1924, by defendant, from the judgment of Lackawanna Co., June T., 1920, No. 439, upon a verdict in favor of the plaintiff, in the case of Nicholas Kostivich v. Kate Kostivich. Before PORTER, HENDERSON, KELLER, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money had and received. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum, of $247.26 and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court and refusal of defendant's motion for new trial.

*Peter L. Walsh,* for appellant.—The charge was inadequate: Richards v. Willard, 176 Pa. 181; Clark v. Union Traction Company, 210 Pa. 636; Martin v. Philadelphia, 54 Pa. Superior Ct. 563. The charge misled the jury: Renn v. Tallman, 25 Pa. Superior Ct. 503; Fullam v. Rose, 160 Pa. 47.

*Harry Needle,* for appellee.

OPINION BY TREXLER, J., April 21, 1924:

All the assignments of this case are directed to the charge of the court. We are asked to find that the charge was inadequate and misleading.

This was an action in assumpsit. The plaintiff claimed that he had loaned to the defendant $200. Defendant denied this. The case was within a very narrow compass and after carefully reading the charge we all agree that the matter in controversy was properly submitted to the jury. It is alleged that the court erred in stating that it was a mere question of personal veracity between the plaintiff on the one side and the defendant on the other. This was a fair statement, for the court instructed the jurors that they should consider the corroboration to be found in the testimony of other witnesses. The fact that the trial judge stated that if they believed the plaintiff, he was entitled to recover, but did not at the same time state that if they believed the defendant, she would be entitled to judgment, we think is trivial, for he was careful to instruct the jury that the burden of proof was on the plaintiff and that there must be a fair preponderance of evidence in his favor to entitle him to a verdict. The statement of the court that the vital question in the case was as to who borrowed the money, whether it was the defendant or her husband, and that the mere question as to whether the money was handed to her or her hus-

band was not the determining factor, we think was proper. The court was careful to say, that for the plaintiff to recover the money, they had to find that it was loaned to the defendant upon her personal credit. The court made the statement, "I don't know that there is any help the court can give the jury in a case of this kind." Notwithstanding this assertion, the court did submit the proper instructions to the jury and the remark was not prejudicial, and in any event, favored neither litigant. There was only a general exception taken to the charge and the trial took place prior to the passage of the Act of 24th of May, 1923, P. L. 439, which defines the effect of a general exception. All these questions must be considered as to whether they constituted basic or fundamental error, for the general exception to the charge only covered that class: Saxman v. McCormick, 278 Pa. 268.

The judgment is affirmed.