# Indian *v.* The Delaware, Lackawanna and Western Railroad Company, Appellant.

*Practice, C. P.—Variance—Failure to object at trial—Waiver.*

1. Where in a negligence case a fact not covered by the pleadings is testified to by the plaintiff's witnesses and they are cross-examined as to such fact and no formal objection to the variance is raised at the trial, and no motion for a nonsuit or a continuance is made, the defendant cannot, after verdict and judgment, successfully complain of the alleged variance.

*Negligence—Railroads—Aisle of car—Condition of carpet—Fall of passenger—Evidence—Absence of proof of plaintiff's age—Damages—Charge—Improper remarks of counsel—New trial—Refusal.*

2. The fact that there is no testimony as to the age of a plaintiff, who is present at the trial, is no ground for refusing to permit a recovery based upon the plaintiff's expectancy of life, where the jury has had ample opportunity to form its own opinion as to the

plaintiff's age and where no objection is made to such alleged lack of evidence until after verdict and judgment.

3. In an action against a railroad company by a passenger to recover for personal injuries resulting from a fall occasioned by the defective condition of a carpet in the aisle of one of defendant's cars, there is no merit in the contention that the charge was inadequate on the question of defendant's negligence, where the court instructed the jury that it was the duty of the defendant, as a common carrier, to maintain its cars in a proper manner, and affirmatively answered plaintiff's points to the effect that it is the duty of a common carrier to exercise a high degree of care in seeing that the threshold of the cars and the carpets in the aisles are in a reasonably safe condition.

4. No complaint can successfully be made on appeal as to alleged improper remarks by counsel where no request has been made for the withdrawal of a juror or for instructions to disregard the alleged improper remarks.

*Practice, Supreme Court—Harmless error—Assignments of error.*

5. Assignments of error will be dismissed where they disclose no substantial injury to the appellant as the actual or probable result of the errors complained of.

Argued Feb. 26, 1918. Appeal, No. 37, Jan. T., 1918, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1915, No. 435, on verdict for plaintiffs in case of Thomas Indian and Mary A. Indian v. The Delaware, Lackawanna and Western Railroad Company. Before Brown, C. J., Potter, Stewart, Moschzisker and Walling, JJ. Affirmed.

Trespass to recover damages for personal injuries.

On the trial the court affirmed plaintiffs' first and second points for charge, which were as follows:

1. A carrier of passengers, having impliedly invited the public to enter its cars, is required to exercise a high degree of care in protecting the passengers while entering the car and going through the aisles and passageways to seats. And it is the duty of the carrier to exercise care in seeing that the threshold of the cars and carpets in the aisles of the cars are in a reasonably safe condition so that passengers will not be injured.

2. It is the duty of a carrier of passengers for hire to provide reasonably safe means for passengers going in and out of its passenger cars, and these means include reasonably safe steps, aisles and passageways in the cars, and the failure to use due care to keep and maintain these means of egress and ingress in a reasonably safe condition and repair is negligence on the carrier's part.

The opinion of the Supreme Court further states the facts.

Verdict for Thomas Indian for $1,757.75 and for Mary A. Indian for $1,022.25 and judgment thereon. Defendant appealed to the Supreme Court from the judgment in favor of Thomas Indian.

*Errors assigned* were in refusing to enter judgment for defendant n. o. v., rulings on evidence and instructions to the jury.

*J. H. Oliver,* and *H. A. Knapp,* of *Knapp, O'Malley, Hill & Harris,* with them *D. R. Reese,* for appellant.

*Joseph O'Brien,* with him *William J. Fitzgerald,* for appellee.

PER CURIAM, July 17, 1918:

On the trial below the defendant asked that a verdict be directed in its favor, but on this appeal admits that the case was for the jury.                            .

Appellant's first contention is that there was a variance between the allegata and probata. The variance, if any, was very slight. Mary A. Indian and her daughter both testified, without objection by the defendant, to the condition of the carpet on the floor of the car, and the mother was cross-examined as to this. No formal objection to the variance was raised at the time of the trial, and, as the case proceeded on its merits, with no motion for a nonsuit or a continuance by the defendant, it cannot now, after a verdict and judgment against it, com-

plain of the alleged variance: Carter v. Henderson & Company, Ltd., 224 Pa. 319; Herrlein v. City of McKeesport, 247 Pa. 277.

Appellant's second complaint is of testimony admitted and excluded. The assignments relating to this disclose no substantial injury to the defendant, which was the actual or probable result of the errors complained of, and the said assignments are, therefore, dismissed: City of Allegheny v. Nelson et al., 25 Pa. 332; Trego v. Pierce, 119 Pa. 139.

The third complaint is of the inadequacy of the charge on the questions of negligence and the measure of damages. The jury were instructed that the negligence of which the appellees complained was the failure and neglect of the defendant company to construct and maintain the floor, threshold and carpet in a reasonably safe condition in the passenger car in which Mrs. Indian fell, and the instruction to them was that it was the duty of the defendant company, as a common carrier, to maintain its cars in a reasonably proper manner. This, taken in connection with the answers to plaintiffs' first and second points, made it most clear to the jury what would have constituted negligence in the matter of which complaint was made.

The complaint that the court erred in its instruction on the measure of damages, because there was no testimony as to the age of Thomas Indian, is sufficiently answered by the following from the opinion of the court below refusing a new trial: "The husband was present at the trial and pointed out by the first witness on the stand. The jury had ample opportunity during the four days of the trial to form its own opinion of his age, if this was required. The defendant having gone to trial and taken its chances of a verdict without objection to what it deemed a lack of evidence as to the question of the husband's age and expectancy, it has by so doing waived its right to now object. If it had objected at any proper time the wife and daughter might have testified to the

age of the husband and father. He could not have testified very well on account of his defective hearing."

The final complaint of the appellant of remarks made by counsel for the plaintiffs as to the probability of the time Mrs. Young would live is also without merit. If they were improper, there was no request for the withdrawal of a juror nor for instructions to the jury as to their impropriety.

All of the assignments are overruled and the judgment is affirmed.