# Boyd v. E. F. Houghton & Co., Appellant.

*Appeals—Assignments of error—Variance—Allegata and probata —Question not raised below.*

1. A contention on appeal that there was a variance between the pleadings and proofs, will not be considered, where none of the assignments of error indicate any request for instructions based on the alleged variance, or that such question was otherwise raised at the trial.

*Master and servant—Suit for salary—Question for jury.*

2. A case by an employee against his employer for salary, cannot be taken from the jury, where it is admitted that, in any event, a portion of the salary was due.

Argued January 7, 1921. Appeal, No. 76, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1918, No. 1056, on verdict for plaintiff in case of William J. Boyd v. E. F. Houghton & Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for salary. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,144.67. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant and (2) refusal of judgment n. o. v., on account of variance.

*Wm. Clarke Mason,* for appellant.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 14, 1921:

From the year 1914, until the time of his discharge, in August, 1918, plaintiff was employed as a sales manager by defendant. In July of the latter year, a new arrangement was entered into between him and his employer, as a result of which his minimum compensation was fixed at $5,000 per year. On August 5, 1918, he was discharged from his employment and, on September 26th following, brought suit to recover the sum of $4,527.33, the unpaid balance of his salary for the year. He recovered a verdict for $2,144.67, upon which judgment was entered. The defendant has appealed and brings to our attention but two assignments of error, first, the refusal of the court to give binding instructions in its favor, and, second, the refusal to enter judgment for it non obstante veredicto.

The main contention is that there was a variance between the pleadings and the proofs; but it is not necessary to consider this question, since the sole assignments of error complain of the refusal, respectively, of binding instructions for defendant and judgment n. o. v., neither of them indicating any objection based on an alleged variance or that the point of variance was otherwise raised at trial; and, in any event, plaintiff was entitled to recover the proportion of salary accruing between August 5th, when he was discharged, and September 26th, when suit was brought. It follows that the court below could not have taken the case from the jury; particularly is this so, since it appears in the record that, in the letter of discharge, it was conceded to appellee that he should be paid a month's salary.

The assignments of error are overruled and the judgment is affirmed.