# Hanley v. Waxman, Appellant.

*Attorney and client—Professional services—Fees—Suit for—Recovery.*

In determining the amount of compensation due an attorney for professional service, the things to be taken into consideration are the amount and character of the services rendered, the labor, the time and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession.  The general ability of the client to pay, and the pecuniary benefit derived from such services is also to be regarded.

In an action of assumpsit for professional services it appeared that the defendant's son had been charged with desertion from the United States army and had employed the plaintiff to represent him.  It further appeared that the son was convicted and sentenced to five years' imprisonment, but that subsequently the plaintiff was employed by the defendant and secured his release and restoration to honorable standing in the army.  Under such circumstances, the case is for the jury and a verdict for the plaintiff will be sustained.

*Appeals—Assignments of error—Question not raised in court below—Variance—Allegata and probata.*

A contention on appeal that there was a variance between the pleadings and the proofs will not be considered, where none of the assignments of error indicate any request for binding instructions based on the alleged variance.

Where such evidence was inadmissible under the pleadings, but was not objected to at the trial, the question cannot be raised by a point for binding instructions and motion for judgment non obstante veredicto.

274, (1922).] Statement of Facts—Opinion of the Court.

Argued October 10, 1922.   Appeal, No. 85, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Feb. T., 1921, No. 343, on verdict for plaintiff in the case of Joseph F. Hanley v. Samuel Waxman. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover balance due for services rendered as attorney.   Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $503.87 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the charge of the court and refusal of the defendant's motion for judgment non obstante veredicto.

*Samuel W. Salus,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1922:
. Plaintiff, an attorney-at-law, sued in assumpsit to recover the fair value of professional services rendered for defendant at his request.   The affidavit of defense denied the employment and the reasonableness of the fee charged, as alleged in the statement of claim.   No other issue was raised.   The jury found for plaintiff. From the judgment entered on the verdict comes this appeal.

In order better to understand the disposition of one of the six assignments of error, a brief statement of facts is required.   Herman Waxman, son of defendant, was a private in the United States army.   He was charged with desertion from the service and tried by a court-martial.   Private Waxman employed plaintiff to represent him before the court-martial for a fee of $200,

which was paid in advance. About a month after the soldier was convicted and sentenced to five years' imprisonment, defendant called plaintiff at New York on the telephone and requested him to come to Philadelphia, met him there the next day and engaged him to conduct an appeal in the son's case. Plaintiff secured the son's release and restoration to honorable standing in the army.

The first assignment of error complains of a variance between the allegations and the proofs. The record does not show that this point was raised in the court below. If the testimony was not admissible under the pleadings, it should have been objected to on that ground. The question cannot be raised by a point for binding instructions and a motion for judgment n. o. v.: Boyd v. E. F. Houghton & Co., 269 Pa. 273.

The second assignment is to a portion of the charge wherein the learned trial judge told the jury that the sole question for them to determine was whether there was a contract between plaintiff and defendant whereby defendant engaged plaintiff as an attorney to do what was necessary to obtain the freedom of defendant's son; and that any contract between plaintiff and the son obligating plaintiff to take his case and proceed with it had nothing to do with the case before them, because the question for them to determine was whether defendant told plaintiff he wanted him to do certain things and that he would pay him for it. This was a correct exposition of the law applicable to the issues framed by the pleadings.

The third assignment complains of the affirmance of plaintiff's second point, which was as follows:

"The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill

and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services."

We see no error in this instruction.

The fourth, fifth and sixth assignments charge error in refusing to give binding instructions for defendant, the dismissal of motions for judgment n. o. v. and a new trial. A careful examination of all the evidence has convinced us that it was sufficient to sustain the verdict. It follows that it would have been error to enter judgment n. o. v. Nor can any just complaint be made against the action of the court in dismissing the motion for a new trial. No abuse of discretion is alleged or disclosed.

All the assignments of error are overruled, and the judgment is affirmed.