# Saxman *v.* McCormick, Appellant.

*Contract—Oral agreement—Contradiction of writing—Evidence
—Case for jury.*

1. Where stock of a corporation is transferred under an oral
contract, and the correspondence between the parties neither re-
duces the oral agreement to writing nor modifies it, the oral testi-
mony of one of the parties as to what the contract was is not in
contradiction of a written agreement.

2. In such case, where the correspondence which followed the
oral agreement refers to the consideration, it is pertinent as tend-
ing to show what the oral contract was.

3. A litigant whose case is supported by legally sufficient evi-
dence, cannot be deprived of trial by jury because the circum-
stances are against him.

4. A question of fact supported by positive evidence of a single
witness cannot be withdrawn from the jury, however strong the
opposing proof may be.

5. Where a stockholder of a coal mining company purchases the
stock of another stockholder, an agreement to pay the latter a
proportionate share of damages that might subsequently be recov-
ered from a railroad company on an existing claim, is not a void
undertaking, inasmuch as the purchase of the stock is a sufficient
consideration for the promise.

6. In a suit to recover such proportionate share of damages paid
by the railroad company, defendant cannot prove the indebtedness
of the coal company, where the judgment was recovered against
the railroad company, inasmuch as the plaintiff had no interest
in nor connection with the coal company after he had parted with
his stock.

*Practice, C. P.—Trial—Charge.*

7. While the jury must find the existence and terms of an oral
contract, it is not error for the trial judge to instruct them as to
the result of such findings.

*Appeals—Assignments of error—Exception—Charge—Question
not raised in court below—Variance.*

8. Where no exception is taken to an excerpt from the charge,
assigned as error, the appellate court cannot consider it under a
general exception, unless basic or fundamental error appears.

9. The appellate court will not consider a case upon a different
theory from that upon which it was presented in the lower court.

10. The appellate court will not consider a question of variance between proof and pleadings, where it was not raised in the court below.

11. The appellate court will not enter judgment n. o. v., because of an alleged variance, when no request therefor on such ground was made at the trial.

12. The appellate court will not set aside a verdict, merely because, judged by the record, it is against the preponderance of the evidence.

Argued May 22, 1923. Appeal, No. 18, May T., 1923, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1919, No. 69, on verdict for plaintiff, in case of Edwin F. Saxman v. Vance C. McCormick. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on verbal contract. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $21,597.47. Defendant appealed.

*Errors assigned* were various rulings and instructions, sufficiently appearing by the opinion of the Supreme Court, quoting record.

*J. E. B. Cunningham,* with him *Spencer G. Nauman* and *C. H. Bergner,* for appellant.—Appellee neither pleaded nor proved an enforceable contract: Pessano v. Eyre, 13 Pa. Superior Ct. 157; Bixler & Correll v. Lesh, 6 Pa. Superior Ct. 459; Muckle v. Moore, 134 Pa. 608; Miller v. Dilkes, 251 Pa. 46.

Appellee's testimony is not sufficient to modify a contract reduced to writing: Grace Contracting Co. v. Ry., 259 Pa. 241.

The trial court erred in refusing a new trial.

*John A. Coyle,* with him *E. E. Beidleman* and *Arthur H. Hull,* for appellee.—The contract was a verbal one.

The case was tried on the theory that there was no variance between pleadings and proof: Dee v. Sharon Hill Academy, 2 Pa. Dis. R. 228; Brown v. Gilmore, 92 Pa. 40; Mathias v. Sellers, 86 Pa. 486; Arons v. Smit, 173 Pa. 630; Rank v. Rank, 5 Pa. 211; Shoenberger v. Hackman, 37 Pa. 87.

When a case has been fairly tried on its merits, amendment may be allowed to the pleadings, or considered as if allowed in the Supreme Court: Downing v. Lindsay, 2 Pa. 382, 384; Waite v. Palmer, 78 Pa. 192; N. Y. & Pa. R. R. Co. v. R. R., 267 Pa. 65, 76; Wike v. Wolverton, 26 Pa. Superior Ct. 561; Hurt v. Canneries Co., 263 Pa. 238; Sullivan v. R. R., 272 Pa. 429.

The court properly denied the motion for judgment n. o. v. and refused a new trial: Boyd v. Houghton, 269 Pa. 273; Hanley v. Waxman, 80 Pa. Superior Ct. 274.

OPINION BY MR. JUSTICE WALLING, June 23, 1923:

The Sonman Shaft Coal Company was chartered as a Pennsylvania corporation in 1899 and commenced mining operations the next year on a tract of leased land in Cambria County. Its capital stock of thirty-five thousand dollars was divided into three hundred and fifty shares of one hundred dollars each; of which the plaintiff, Edwin F. Saxman, the defendant, Vance C. McCormick and James M. Cameron, each owned one hundred shares, and all were directors and officers of the corporation, although Saxman looked more especially after the mining. The business prospered until the mine was accidentally flooded in September, 1904; then Saxman became discouraged and offered to dispose of his stock to Cameron and McCormick, who desired to continue the business. At first Saxman asked $10,000 for his stock, but after some negotiations sold it to McCormick for $2,500 and his release as an endorser upon $7,500 of the corporation's notes, with the disputed question as to a further consideration involved in this suit. This mining lease was near the main line of the Pennsylvania Rail-

road Company, but for some time prior to the transfer of stock the coal company had been so crippled by lack of cars that the question of bringing suit against the railroad company for damages,. by reason of illegal discrimination, had been under discussion by the officers of the coal company. Thereafter, in 1909, such suit was brought and final judgment recovered in 1916 against the railroad company for $153,489.77, which was paid into the treasury of the coal company. This suit is based on plaintiff's contention that, as a part consideration for the sale of his stock to defendant, the latter agreed, in effect, to pay him (plaintiff) his pro rata share, according to the amount and time of his holdings, of whatever might be recovered from the railroad company in case suit was brought against it for the alleged discrimination. This the defendant emphatically denied, and at the trial the case turned on the disputed question as to whether such an agreement had been made. The unlawful discrimination in question extended over a period of four years, during twenty-one months of which plaintiff owned fifteen thirty-fifths of the stock, and the jury, finding in his favor, awarded him fifteen thirty-fifths of seven-sixteenths of the total amount recovered from the railroad company, which was agreed at the trial to be the correct amount, if plaintiff was entitled to recover. Defendant brought this appeal from judgment entered on the verdict.

In our opinion, plaintiff's case, while not strong, was for the jury. The stock was transferred under an oral contract, and the correspondence, while pertinent, neither reduces the oral agreement to writing nor modifies it; hence, plaintiff's testimony was not in contradiction of a written agreement. The correspondence which follows the oral agreement refers to the $2,500, and the release of plaintiff from his liability as endorser for the corporation, but is silent as to any further consideration, and hence, is important as tending to show what the oral contract was: see Briggs & Turivas v. Logan Iron &

Steel Company, 276 Pa. 326; Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241. This, and other circumstances, may seem to throw doubt upon plaintiff's claim; but a litigant, whose case is supported by legally sufficient evidence, cannot be deprived of trial by jury because the circumstances are against him. Nor can a question of fact supported, as here, by the positive evidence of a single witness be withdrawn from the jury, however strong the opposing proof may be: Thomas v. P. R. R. Co., 275 Pa. 579, 582; Knepp v. Baltimore & O. R. R. Co., 262 Pa. 421; Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594.

The purchase of the stock by defendant was a sufficient consideration for the promise if made by him. True, the money recovered from the railroad company went to the coal company, but each of its stockholders was equitably entitled to share pro rata in the enhanced value of the corporate property resulting therefrom. Therefore, if defendant undertook to pay plaintiff what, as a stockholder, he would gain by a recovery against the railroad company, it was not a void undertaking.

Defendant's offer to prove the indebtedness of the coal company, when the judgment was recovered against the railroad company, was properly excluded. Plaintiff had no interest in nor connection with the coal company after he parted with his stock; nor could he be affected by the result of its subsequent management. His claim here is not against the coal company but against Mr. McCormick, individually. Moreover, if liable for such debts, plaintiff would be entitled to what would equal his pro rata share of the recovery from the railroad company for the entire four years of discrimination, which he neither claimed nor recovered.

The charge, taken as a whole, was favorable to the defendant and nothing is called to our attention therein to warrant a reversal. The second assignment of error embraces an excerpt from the charge, which excerpt was a fair résumé of plaintiff's contention, and, as it was

expressly stated as such, it affords no ground for complaint. The question of fact as to the existence of such an agreement as plaintiff claimed was fairly submitted to the jury and it was not error to instruct them that if they found there was such an agreement plaintiff would be entitled to recover. While the jury must find the existence and terms of an oral contract, it is not error for the trial judge to instruct them as to the result of such findings. The terms of an oral contract are for the jury but its legal effect is for the court: Erie Forge Co. v. Iron Works Co., 22 Pa. Superior Ct. 550; and see Elliott v. Wanamaker, 155 Pa. 67. Again, no exception was taken to this part of the charge and certainly it contains no basic or fundamental error, yet none other can be considered under the general exception taken: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243; Mackowski v. Phila. R. T. Co., 265 Pa. 34; Quinlan & Robertson v. Rundle et al., 273 Pa. 479.

Furthermore, the contest at the trial was as to the existence of the contract sued upon, not as to its terms; the trial judge was not requested to submit the construction of the alleged oral agreement to the jury, nor was the position taken anywhere in the lower court that its construction was for them; hence such position cannot be taken here, for we will not consider a case upon a theory different from that upon which it was presented in the lower court: Armstrong & Latta v. Phila., 249 Pa. 39, 43; Weiskircher v. Connelly, 256 Pa. 387; Morrett v. Fire Association of Phila., 265 Pa. 9; New York & Pa. Co. v. N. Y. C. R. R., 267 Pa. 64; Taylor v. Sattler, 6 Pa. Superior Ct. 229, and see McCully, Admr., v. McCrary, 269 Pa. 581. Neither can the question as to the alleged variance between the proof and the pleadings be raised here, not having been raised in the court below. The defect in the pleadings, if any, was amendable and was cured by going to trial upon the merits: Gallagher v. Amer. Bitumastic E. Co., 273 Pa. 314; Arons v. Smit, 173 Pa. 630; Conductors' Ins. Co. v. Birnbaum, 116 Pa.

565; Brown v. Gilmore, 92 Pa. 40; Mathias v. Sellers, 86 Pa. 486. Nor can we enter judgment for defendant n. o. v., because of the alleged variance, when no request therefor on such ground was made at the trial: Boyd v. E. F. Houghton & Co., 269 Pa. 273; Hanley v. Waxman, 80 Pa. Superior Ct. 274.

We are earnestly urged to grant a new trial, but that was for the court below, and we cannot interfere, except to correct a manifest abuse of discretion. An appellate court will not set aside a verdict merely because, judged by the record, it is against the preponderance of the evidence.

The assignments of error are overruled and the judgment is affirmed.