Kardon *v.* Crescent Nut & Chocolate Company, Appellant.

Argued October 22, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William Brodsky,* for appellant.

*Alvin Levi* of *Levi & Mandel,* for appellee.

OPINION BY GAWTHROP, J., January 30, 1931:

This is an action in assumpsit to recover the purchase price of goods sold and delivered by plaintiff to defendant. The case was tried before Judge GLASS without a jury and a finding was made for plaintiff. Defendant appeals from the order overruling its motion for a new trial.

Three of the four questions stated in appellant's brief raise the single question whether there was such a variance between the allegations and the proofs as to require the trial judge to find for defendant on that ground. It would be a sufficient answer to state that the record fails to disclose that the question of variance was ever raised in the court below. The merchandise delivered to defendant was 6250 small pasteboard boxes or cartons which were to be used by it "to pack 5 cent packages of peanuts." Plaintiff's witness testified that the merchandise was delivered pursuant to an order from defendant for 5,000 boxes. Defendant's president and manager testified that plaintiff was "supposed to run off 10,000 ...... providing the proof was satisfactory." The matter of over-delivery was not raised in the affidavit of defense, nor at the trial, the sole defense being that the printing on the boxes was defective and unsatisfactory, rendering the boxes unfit for display, and that defendant refused to accept them on that ground. The court

below properly held that, as the defense of over-delivery was raised for the first time on the motion for a new trial and refusal by defendant to pay for the boxes was not placed on that ground, it was precluded from raising the question when it undertook to do so. See United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170; Popper v. Rosen, 292 Pa. 122, and Haney v. Hatfield, 241 Pa. 413. It is too well settled to require the citation of authorities that when a defendant takes his chance on a verdict without raising the question of the divergence between the allegations and the proofs he may not thereafter raise the question. A recent case on the subject is Kehres v. Stuempfle, 288 Pa. 534.

The only other question is whether there was evidence to sustain the finding for plaintiff. The issue raised by the pleadings was whether the printing on the boxes was so defective as to render them unfit for the purpose for which they were intended to be used, to wit, as containers for a 5 cent package of peanuts. Defendant's chief witness testified: "The printing is why I refused the box (boxes), no other reason ...... The printing job is no good." There was testimony for plaintiff that the printing was in accordance with the order and the proof submitted to defendant and was "one hundred per cent right." The trial judge states in his opinion dismissing the motion for a new trial that "the printing on the box may have offended the most observing eye of an artist, but it would not offend the eyes of the average individual," and that he could find nothing the matter with the boxes, a sample of which was in evidence. A careful reading of the record has satisfied us that the finding is sustained by the evidence. We cannot substitute our judgment for that of the trier of the facts.

The judgment is affirmed.