## Sipior et al., Appellants, *v.* United States Glass Company.

Argued April 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*J. Thomas Hoffman,* for appellant.

*John H. Sorg,* for appellee.

OPINION BY CUNNINGHAM, J., July 15, 1938:

The single question raised on these appeals is ruled in favor of the respective appellants by principles clearly set forth in *Kehres v. Stuempfle et al.,* 288 Pa. 534, 136 A. 794, and repeated and applied in *Stevens et ux. v. Pittsburgh,* 129 Pa. Superior Ct. 5, 21, 194 A. 563, affirmed 329 Pa. 496.

The action below was trespass by a husband and wife to recover damages for injuries to the wife who was struck on the head by a piece of glass as she traversed the sidewalk in front of defendant's factory on South Eleventh Street, Pittsburgh.

The accident occurred on the evening of April 18, 1935, about seven o'clock. The wife plaintiff testified the glass which struck her came from a broken window on the third floor of defendant's plant, directly above the sidewalk on which she was walking.

The fourth paragraph of plaintiff's statement averred her injuries were caused by "an agent, servant or employee of the defendant corporation, [who] in the act of opening a window on [its] premises ...... caused said window to break, and permitted glass constituting a pane of said window to fall from the premises, and [strike] the plaintiff." At the trial plaintiffs produced no direct evidence of any specific act by any employee of the defendant, but showed that many of the window panes were jagged and broken and had been in a bad state of repair ever since the defendant company entered upon its occupancy of the premises in November of the preceding year.

Defendant moved for a compulsory nonsuit at the conclusion of plaintiffs' evidence, assigning as the only ground therefor "that the plaintiffs have failed to establish by legally competent evidence any negligence on the part of any agent or employee of the defendant company which either caused or contributed to the accident." The motion was denied.

At the conclusion of all the evidence, defendant presented a general point for binding instructions in which no mention was made of any variance between plaintiffs' allegations and proof. The jury returned a verdict of $200 for Paulina Sipior, and of $50 for her husband. Subsequently the court below entered judgment for the defendant, n. o. v., upon the sole ground that a variance

existed between plaintiffs' allegations and proof. In so doing the court below adopted defendant's contention that a fatal variance existed between plaintiffs' pleadings and proof in that their statement charged defendant with a negligent act of commission whereas the only negligence shown by the proofs consisted of acts of omission. These separate appeals by the plaintiffs followed.

Appellant's single assignment of error must be sustained. Even assuming that a material variance existed, appellee did not raise the question in a proper way or at a proper time and must, therefore, be deemed to have waived it.

*Kehres v. Stuempfle et al.,* supra, was an action in trespass to recover damages due to injuries received by the plaintiff through the collapse of a coal shed in which he and other employees of a railroad company were placing cars. The negligence averred in plaintiff's statement was that defendant permitted the lumber of which the shed was constructed to become rotten and the nails rusted and that the shed was in an unsafe condition which was visible and self evident. At the trial no evidence of any negligence was offered except that the shed had collapsed, due to a latent defect, if any. The specified ground of defendant's motion for a nonsuit was "the lack of accord between proofs and allegations." The trial judge overruled the motion and refused defendant's point for binding instructions, but subsequently entered judgment for defendant n. o. v., on the ground "that the proofs did not support the negligence alleged." In affirming the lower court, Justice SCHAFFER stated (p. 538) : "We, therefore, declare the rule to be that the [defendant] may raise the question of the disagreement between probata and allegata (1) when the testimony not covered by the pleadings is offered; (2) by a motion for a nonsuit, *assigning the divergence* as the reason; (3) by a motion for binding

instructions *in which the reason is assigned.* If, however, no objection is made to the testimony, and the specific reason is not assigned on the motion for a nonsuit or in the point for binding instructions, then the defendant, having taken his chance, *may not thereafter raise the question.*" (Italics supplied)

It has been the rule in this state generally that any objection to a variance between allegation and proof comes too late if not made during the trial: *Herrlein v. City of McKeesport,* 247 Pa. 277, 93 A. 319; *Indiana v. Delaware, Lackawanna & Western R. R. Co.,* 262 Pa. 117, 104 A. 871; *Boyd v. E. F. Houghton & Co.,* 269 Pa. 273, 112 A. 530; *Saxman v. McCormick,* 278 Pa. 268, 122 A. 296; *Irwin v. Leuten Brick Co.,* 59 Pa. Superior Ct. 150; *Kardon v. Crescent Nut & Chocolate Co.,* 100 Pa. Superior Ct. 444.

Counsel for appellee seems to be under the impression that the mere fact he made a motion for nonsuit and later a motion for binding instructions, although neither contained any reference to a variance, enables him to raise that question for the first time on his motion for judgment n. o. v. The Kehres case makes it clear that the question of variance must be specifically raised, either when the evidence is offered, or when the motion for nonsuit is made, or the point for binding instructions submitted.

Judgment reversed and record remitted with instructions to enter judgments upon the respective verdicts.