Williams *v.* Philadelphia Transportation
Company, Appellant.

Argued March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, HOFFMAN, SPAULDING, and CERCONE, JJ. (JACOBS, J., absent).

*James Conwell Welsh,* for appellant.

*Gordon Gelfond,* with him *Freedman, Borowsky & Lorry,* for appellee.

OPINION BY CERCONE, J., June 22, 1971:

Plaintiff instituted an action in trespass against the defendant to recover damages for injuries sustained by her as a result of a collision between defendant's bus and her automobile at the intersection of 17th and Page Streets in the City of Philadelphia.

Although plaintiff did not allege in her Complaint wanton misconduct on the part of the defendant, her counsel asked the court at close of trial to charge the jury on wanton misconduct as it applied to the evidence relating to the bus driver's operation of his vehicle. This request was denied, and the case was submitted to the jury. The jury first rendered a verdict finding the plaintiff guilty of contributory negligence. After being instructed as to the proper form of a verdict, the jury rendered a verdict in favor of the defendant company.

Plaintiff made a motion for new trial, arguing, inter alia, that the jury should have been charged on the issue of wanton misconduct. The defendant argued against the motion contending there was no evidence of wanton misconduct on the part of defendant's bus driver, and therefore, the court was not required to charge on such issue. The trial judge, however, granted a new trial, stating in his opinion: "A review of the record discloses sufficient and adequate testimony in plaintiff's case from which the jury, if so charged, could reasonably have concluded that plaintiff was in a position of peril in the intersection, that defendant's driver had actual knowledge of this peril and sufficient time to avoid the accident, and that, notwithstanding, defendant's driver recklessly disregarded plaintiff's danger, by proceeding into the intersection. In view of the foregoing, I have determined that the jury should have been charged on the issue of wanton misconduct and, if found to exist, that contributory negligence was not a bar to plaintiff's recovery. Not having so charged on an issue which might have controlled the outcome of the case, plaintiff is entitled to a new trial: Fugalgi v. Camasi, 426 Pa. 1 (1967)."

Defendant has appealed from this grant of a new trial, contending that (1) there was no evidence of wanton misconduct on the part of the defendant requiring instructions on that issue; and (2) there was no allegation of wanton misconduct in plaintiff's Complaint, and therefore, the court below was improperly allowing the introduction of a new cause of action after the statute of limitations had run.

A thorough study of the transcript of the testimony in this case confirms the lower court's opinion that the bus driver's wanton misconduct was adequately shown at trial. There was evidence sufficient to support a finding by the jury that as plaintiff was crossing 17th Street at Page Street, in an easterly direction, she

experienced mechanical difficulties in the operation of her car and it "wouldn't go forward"; that defendant's bus was about 160 feet to the north of her at this time, traveling on 17th Street in a southerly direction toward Page; that she blew her horn, waved her hand outside the window, and shouted to the bus driver to stop. The bus driver, however, despite these warnings by plaintiff, did not diminish the speed of his bus, which was approximated at 25-30 or 35 miles per hour. As a result, the front bumper of the bus collided into the rear left fender of plaintiff's vehicle. Plaintiff's testimony was corroborated by a completely disinterested witness who had observed the entire sequence of events from his apartment window. That witness testified as to plaintiff's car jerking and stalling "or something of that type" while in the intersection, traveling at about 5 miles per hour; that the bus driver had plenty of time to stop the bus before he hit the car; that both plaintiff and the bus driver blew their horns, but that the bus continued at its same speed, which he approximated at 25-30 miles per hour. He saw the front of the bus hit the rear fender of the driver's side of plaintiff's car. His testimony was "the front of the bus hit the left rear fender of the car as the whole car was in 17th Street and the bus was still traveling on the west side of 17th Street." He stated that plaintiff's car was "pushed" into the side of the cleaning shop on Page Street and came to rest there at the northeast corner of 17th and Page Streets.

The law is clear that where a defendant is guilty of reckless disregard of plaintiff's safety, he is guilty of wanton misconduct, in which case plaintiff's contributory negligence is not a bar to her recovery. In *Kasanovich v. George,* 348 Pa. 199, 204 (1943) the court stated: "Instead of giving binding instructions for defendant the learned trial judge should have instructed the jury that, even if the motorman was grossly negli-

gent, plaintiff, because of decedent's contributory negligence, cannot recover, but that such contributory negligence would not be a bar if the motorman was guilty of wanton misconduct, that is, if he exhibited a reckless disregard for decedent's safety after observing his perilous position and realizing the danger involved in proceeding at a high rate of speed and without giving warning of his approach."

In the more recent case of *Geelen v. Pennsylvania R. R. Co.*, 400 Pa. 240 (1960) it was stated that the defendant's actual knowledge of the plaintiff's position of peril may be deduced from the facts presented: *Kasanovich v. George*, 348 Pa. 199, 34 A. 2d 523 (1943); *Peden v. Baltimore & Ohio R. R. Co.*, 324 Pa. 444, 188 Atl. 586 (1936). If wanton misconduct is found to exist, then, of course, contributory negligence on the part of the decedent cannot prevent plaintiff's recovery.

The evidence in the case before us was sufficient to sustain a finding that the bus driver had actual knowledge of plaintiff's position of peril within the intersection. However, even if he did not have actual knowledge of plaintiff's position of peril, he would be guilty of wanton misconduct nevertheless in blindly driving into the intersection without thought to the possible consequences to plaintiff's vehicle which was in the intersection. In *Evans v. Philadelphia Trans. Co.*, 418 Pa. 567 (1965), the Court distinguished wilful misconduct from wanton misconduct, holding that wilful misconduct is committed with an accompanying specific intent to do harm, while wanton misconduct is conduct accompanied by a conscious indifference to the consequences. The court there stated: "Wanton misconduct, on the other hand, 'means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It

usually is accompanied by a conscious indifference to the consequences. . . .' Prosser, Torts §33 at 151 (2d ed. 1955).

"Other decisions of this Court have recognized that *actual* prior knowledge of the injured person's peril need not be affirmatively established to constitute wanton misconduct, These cases, as well as the Restatement of Torts, clearly indicate that if the actor realizes *or* at least has knowledge of sufficient facts to cause a reasonable man to realize the existing peril for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the accident, then he is guilty of wanton misconduct if he recklessly disregards the existing danger."

. . .

"Applying the holdings and reasoning of the foregoing authorities to the present case, it is clear that the evidence was sufficient to establish that the motorman was in possession of sufficient facts to put a reasonable man on notice of an impending peril and it was for the jury to say whether or not, having such knowledge, he acted with a reckless disregard for the safety of anyone who might be endangered."

Defendant contends that plaintiff cannot rely on the driver's wanton misconduct, as plaintiff did not allege such misconduct in her Complaint and the statute of limitations prevents the assertion of such a new cause of action. However, this argument is now being raised by the defendant for the first time. When the motion for new trial was being argued before the court below, and the plaintiff was contending that the jury should have been instructed as to the driver's wanton misconduct, the defendant did not present to the court the issue of variance between allegata and probata, but merely argued that the evidence did not warrant instructions on wanton misconduct. The law has long been clear that a variance between allegata and probata

is a matter to be brought before the court below when the issue arises. In *Sipior v. U. S. Glass Co.*, 132 Pa. Superior Ct. 208, at 212 (1938), this court stated the rule to be: "It has been the rule in this state generally that any objection to a variance between allegation and proof comes too late if not made during the trial: Herrlein v. City of McKeesport, 247 Pa. 277, 93 A. 319; Indiana v. Delaware, Lackawanna & Western R. R. Co., 262 Pa. 117, 104 A. 871; Boyd v. E. F. Houghton & Co., 269 Pa. 273, 112 A. 530; Saxman v. McCormick, 278 Pa. 268, 122 A. 296; Irwin v. Leuten Brick Co., 59 Pa. Superior Ct. 150; Kardon v. Crescent Nut & Chocolate Co., 100 Pa. Superior Ct. 444.

"Counsel for appellee seems to be under the impression that the mere fact he made a motion for nonsuit and later a motion for binding instructions, although neither contained any reference to a variance, enables him to raise that question for the first time on his motion for judgment n.o.v. The Kehres case makes it clear that the question of variance must be specifically raised, either when the evidence is offered, or when the motion for nonsuit is made, or the point for binding instructions submitted."

In *Kehres v. Stuempfle*, 288 Pa. 534, at 539 (1927), the Supreme Court affirmed the principle that ". . . we will not consider a question of variance between proof and pleadings where it was not raised in the court below (Saxman v. McCormick, 278 Pa. 268; Boyd v. Houghton & Co., 269 Pa. 273) . . ." In this case, defendant should have raised the issue in the court below when plaintiff sought a new trial on the ground of failure to instruct as to the driver's wanton misconduct. Instead, the only objection raised was that the evidence did not support such instructions, and defendant is, therefore, limited to that objection, which, as already stated, is an objection without merit, as the evidence is clearly sufficient to warrant the instructions. In *Ris-*

*bon v. Cottom,* 387 Pa. 155, the appellant had objected
to the evidence in question during the trial as irrele-
vant; on appeal, he admitted the relevancy but con-
tended it was insufficient as proof. The Supreme Court
adhered to the "well-settled principle that a reason for
granting a new trial which was not assigned in the
court below cannot be considered for the first time on
appeal" and held "[t]he question which the appellant
thus seeks to raise is not properly before us."

Of course, if the matter not objected to in the court
below is as to a jurisdictional matter or concerns plain-
tiff's capacity to sue, as in *Kelly v. Traction Co.,* 204
Pa. 623 (1903), we will pass upon the issue though
raised in the appellate court for the first time. Such is
not the case here. The fact that the statute of limita-
tions ordinarily would have prevented plaintiff's intro-
duction of a new cause of action based on wanton mis-
conduct cannot now be availed of by the defendant in
this appeal. The defense of statute of limitations is a
personal defense which is precluded from being assert-
ed for the first time on appeal: *Parke v. Pennsylvania
Threshermen & Farmers Mutual Casualty Ins. Co.,* 334
Pa. 417, at 419 (1939).

In view of the defendant's failure to timely raise
the issues which are now presented for the first time,
we must view the Complaint as amended and consider
the case in accordance with the theory on which it was
defended by defendant in the court below. In *Altman v.
Uniontown School District,* 334 Pa. 336 (1939), the
trial proceeded on a theory of recovery different than
that originally alleged by plaintiff. On appeal, the
Supreme Court stated: "Under such circumstances even
though the statement of claim may have been defective,
we will treat the statement as amended and consider
the case in accordance with the evidence produced and
the theory on which it was tried: *Clark v. Steele,* 255
Pa. 330." In *Clark v. Steele,* 255 Pa. 330, at 339 (1917),

the court stated: "Furthermore, assuming the statement to be defective, the case was tried on its merits, the evidence as to the damage to the buildings and springs received without objection being made on the specific ground that it was not within the scope of the statement of claim, and in such case our practice is to treat the statement as amended and consider the case in accordance with the evidence produced and the theory on which it was tried: Quick v. Miller, 103 Pa. 67; Carpenter v. Lancaster, 212 Pa. 581." We must, therefore, consider the Complaint as amended to include a charge of wanton misconduct and in the light of such amendment the lower court was correct in granting a new trial. See *Culbertson v. Ansell,* 303 Pa. 46 (1931) at page 52.

The order granting a new trial is hereby affirmed.

JACOBS, J., took no part in the consideration or decision of this case.