## Anfuso v. Smith

*Glenn D. McGogney,* for plaintiffs.
*Jackson M. Sigmon,* for defendants.

FREEDBERG, *J.*, April 8, 1980—This matter is before the court on preliminary objections of defendants to plaintiffs' complaint. The preliminary objections are in the nature of a demurrer to certain counts of the complaint as well as a motion to strike an allegation of recklessness.[1]

## DEMURRER

In Sinn v. Burd, 486 Pa. 146, 149, 404 A. 2d 672 (1979), the applicable standards for ruling upon preliminary objections in the nature of a demurrer were set forth as follows:

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A. 2d 343 (1959); Byers v. Ward, 368 Pa. 416, 84 A. 2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. Lerman v. Rudolph, 413 Pa. 555, 198 A. 2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. . . ."

The averred facts in plaintiffs' complaint are as follows:

1. Plaintiffs concede that defendants' motion for a more specific complaint seeking itemization of various funeral and medical expenses should be granted.

On August 27, 1979, shortly after noon, nine year old Nicole Marie Anfuso was fatally injured when struck by a vehicle operated by defendant, Lester E. Smith, as she was riding her bicycle in the street near her home. In addition to wrongful death and survival counts, the complaint contains a count seeking damages for Thomas D. Anfuso, the ten year old brother of Nicole (count 2), and for Barbara Anfuso, the dead child's mother (count 4).

The count filed on behalf of Thomas alleges that at the time of the accident he was approximately 100 feet in front of the point of impact and observed the impact and the death of his sister. It is further averred that as a result of observing this he has become "unnerved and emotionally shattered, all of which has caused grievous mental suffering, depression, withdrawal and other serious psychological injuries." The parents seek reimbursement for unitemized past and future medical expenses for treatment of the boy's condition.

The count on behalf of the mother alleges that at or shortly prior to the time of the accident she had been observing her daughter from the inside of her home. It further alleges that upon hearing the impact of the vehicle with the child and the squeal of the tires, "Barbara Anfuso rushed to and witnessed the accident scene, as a result of which she became unnerved, emotionally shattered and hysterical, all of which has caused her serious mental suffering, anguish, depression and other psychological injuries." She seeks reimbursement of unitemized past and future medical expenses for treatment of her condition. In their brief, plaintiffs acknowledge that the mother failed to actually see the impact between defendants' vehicle and the child.

In Sinn v. Burd, supra, Justice Nix, joined by Justice Manderino, held that a mother has a valid

cause of action for negligently caused serious mental distress as a result of witnessing her minor daughter being struck and killed by an automobile even though the mother was outside the zone of danger.[2] In so doing, the court rejected the zone of danger requirement of Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970). Justice Nix's opinion specifically reserved decision on the two issues raised by defendant's demurrer in the instant case, i.e., whether a mother who does not visually observe the impact of the negligently operated vehicle with her child may recover and whether a plaintiff-bystander other than a parent may recover. See Sinn v. Burd, fns. 15 and 21.

In his opinion, Justice Nix stated that application of the traditional tort concept of foreseeability will reasonably circumscribe the extent of the tortfeasor's liability in bystander recovery cases. Relying upon Dillon v. Legg, 68 Cal. 2d 728, 69 Cal.Rptr. 72, 441 P. 2d 912 (1968), Justice Nix identified three factors for use in determining whether injury was reasonably foreseeable:

1. Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

2. Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.

---

2. Justice Larsen concurred in the result; Chief Justice Eagen concurred specially adding that recovery should be permitted if the serious mental distress was accompanied by physical injury or a severe physical manifestation of the mental distress. Justice Roberts, joined by Justice O'Brien, filed a dissenting opinion.

3. Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

Applying the foreseeability analysis to the mother's claim herein we note that criteria one and three clearly exist. Further, we believe that the requirement of "direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence" is satisfied by the pleading that the mother saw her child immediately prior to the impact, heard the squeal of tires and the impact with the child, and immediately witnessed the accident scene. We reject the contention that visual perception of the impact is the only sensory observance sufficient to give rise to a cause of action. The facts as pleaded herein establish that the mother was a "percipient witness" to the impact. See Krouse v. Graham, 19 Cal.3rd 59, 137 Cal.Rptr. 863, 562 P. 2d 1022 (1977); Dziokonski v. Babineau, 380 N.E. 2d 1295 (Supreme Judicial Court of Mass. 1978); Landreth v. Reed, 570 S.W. 2d 486 (Texas. 1978). Contra, McGovern v. Piccolo, 33 Conn. Sup. 225, 372 A. 2d 989 (1976).[3] Our Supreme Court having taken the

---

3. Tobin v. Grossman, 24 N.Y. 2d 609, 617, 301 N.Y.S. 2d 554, 560 (1969), a decision of the highest court of New York, dealt with a factual situation virtually identical to the instant case. However, the court did not reach the issue involved herein for the court rejected the right of a parent, not in the zone of danger, to recover for emotional trauma sustained from witnessing an injury to a child, contrary to the view adopted in Sinn v. Burd, supra. In passing, the court noted, "Any rule based solely on eyewitnessing the accident could stand only until the first case comes along in which the parent is in the immediate vicinity but did not see the accident."

initial step permitting recovery in Sinn v. Burd, supra, we can find no basis in logic or fairness for rejecting the claim of one such as the mother plaintiff herein.

The sole issue raised by the demurrer to the claim on behalf of the victim's brother is whether the holding of Sinn v. Burd should be extended to siblings. In Landreth v. Reed, supra, recovery by a sibling for emotional trauma resulting from negligent injury to her sister was permitted. See also Leong v. Takasaki, 55 Hawaii 398, 520 P. 2d 758 (1974), which permitted a claim by a step-grandchild; Keck v. Jackson, 122 Ariz. 114, 593 P. 2d 668 (1979), which permitted a close friend of the victim to recover; and Hopper v. U.S., 244 F. Supp. 314 (D. Colo. 1965) wherein, assuming other requirements were met, a sister could recover for emotional trauma incident to observing her sister's death.

Since young siblings are "closely related" biologically and emotionally, we hold that the sibling relationship herein is sufficient to satisfy the third prong of the foreseeability test adopted in Sinn v. Burd. Certainly, there is no acceptable rational basis to exclude this child from recovery under the expanded non-impact rule. See Tobin v. Grossman, 24 N.Y. 2d 609, 619, 301 N.Y. S. 2d 554, 561, 249 N.E. 2d 419 (1969). In his dissent in Sinn v. Burd, Justice Roberts noted that the central problem posed by the holding is that of "rationally limiting defendant's liability." 486 Pa. at 182, 404 A. 2d at 690. Wherever the boundaries are ultimately drawn and for whatever reason, we believe that a young child who sees his sister killed should be within the sphere of relations who may recover for emotional trauma resulting therefrom.

## MOTION TO STRIKE

In support of the allegation of recklessness, plaintiffs pleaded the following:

The injuries and damages hereinafter set forth were caused by and were the direct and proximate result of the negligence of defendants in the following respects:

(a) In operating the vehicle at a high, dangerous and reckless speed under the circumstances;

(b) In that the driver was inattentive and failed to maintain a sharp lookout of the road in front of him;

(c) In failing to observe Nicole Marie Anfuso and in failing to operate or apply the brakes in such a manner that the vehicle could have been safely stopped before striking her;

(d) In failing to have the vehicle under proper control; and

(e) In otherwise failing to use that care and caution required under the circumstances.

In Sullivan v. Wolson, 262 Pa. Superior Ct. 397, 408, 396 A. 2d 1230 (1978), Judge Hoffman set forth the standards for determining whether conduct is reckless as follows:

"The Restatement (2d) of Torts §500 states: 'The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' In Evans v. Philadelphia

Transp. Co., 418 Pa. 567, 574, 212 A. 2d 440, 444 (1965), the Court said: '[I]f the actor realizes or at least has knowledge of sufficient facts to cause a reasonable man to realize the existing peril for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the accident, then he is guilty of wanton misconduct if he recklessly disregards the existing danger.' Thus, whether it is termed 'reckless disregard,' or 'wanton misconduct'; this basis of liability in tort is premised upon the actor intentionally doing an act creating a great risk of harm when the actor either (1) knows of the great risk, but consciously disregards it and proceeds, or (2) had knowledge of facts which would lead a reasonable man to become aware of this risk in time for the actor reasonably to avoid the danger. See Fugagli v. Camasi, 426 Pa. 1, 3, 229 A. 2d 735 (1967); Golden v. Sommers, 56 F.R.D. 3, 5 (1972). Of course, the actor's actual knowledge of the risk may be inferred from the facts presented. Williams v. Phila. Transp. Co., 219 Pa. Super. 134, 138, 280 A. 2d 612, 615 (1971). If the jury finds the defendant guilty of reckless or wanton misconduct, then appellant's contributory negligence is not a bar to recovery. Id., 219 Pa. Super. at 137, 280 A. 2d at 614; Restatement (2d) of Torts, §482."

See also Parks v. Bethlehem Steel Corp., 39 Northamp. 111 (1969).

Applying these standards to the averments in the complaint before us, we are unable to conclude that defendant driver's alleged misconduct created an unreasonable risk of harm "substantially greater than that which is necessary to make his conduct negligent." Hence, the allegations of recklessness must be stricken.

Wherefore, we enter the following

### ORDER

And now, April 8, 1980, defendants' motion for a more specific pleading seeking itemization of funeral and medical expenses is granted. The motion to strike allegations of recklessness is granted. The preliminary objections in the nature of a demurrer to counts two and four of the complaint are denied. Plaintiffs are granted leave to plead over within 20 days from the date of this order.