## Friedlander *v.* Shor, Appellant.

Argued October 13, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*Carl E. Glock*, with him *Edward E. Pearlman* and *Reed, Smith, Shaw & McClay*, for appellant.

*Chas. H. Sachs*, of *Sachs & Caplan*, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

The parties to this litigation are dentists and as such were partners. The dispute between them arises out of their agreement in writing, dated April 20, 1934, in which Friedlander, the plaintiff, agreed to sell his interest in the business which they jointly conducted at 130 Fifth Avenue, Pittsburgh, to Shor, the defendant, for the sum of $5,000, $500 of which was paid at the time of executing the agreement. The balance was to be paid on the first of May, 1934. When that day arrived, Shor did not make the payment. He alleged that the agreement was cancelled as a result of a mutual understanding between them. This Friedlander denied. That is the issue which was raised on the trial and submitted to the jury, which found a verdict in plaintiff's favor for the full amount claimed, with interest.

In bringing this appeal defendant raises a question which was not put forward by him at the trial. The contract provided that plaintiff should not practice dentistry within a radius of 15 miles of the premises 130 Fifth Avenue for a period of three years from the date of the agreement. Plaintiff testified that he continued to maintain the office for defendant's account after defendant refused to make the additional payment. It

was run at a loss and early in 1935, as a result of defendant's failure to make good the losses, the landlord sold the equipment and supplies in the office for rent. Both plaintiff and defendant bid at the sale, the plaintiff offering the higher price and becoming the purchaser. He opened an office at 347 Fifth Avenue and moved the purchased equipment there and has since carried on business at that location. When the office at 130 Fifth Avenue was vacated, defendant moved into it and is there conducting his dentistry. The anomaly thus exists that the defendant is carrying on in the firm's old offices at 130 Fifth Avenue, having actually paid only $500 for the right to do so, and plaintiff has the office equipment as a result of his purchase at the constable's sale and is carrying on only two blocks from the old location.

Had counsel, who appeared before us, represented defendant at the trial, he perhaps would have raised the interesting proposition which he now submits, but no such issue was raised at the trial and it is now too late to do so. His contention is that plaintiff is not entitled to recover the full price, he having failed to observe the covenant in the agreement not to compete in the same territory. This was answered by Judge DITHRICH, speaking for the court in banc, in the opinion on the reargument of defendant's motion for judgment non obstante and for a new trial when the question was first presented. The learned judge said: "The chief defense was that plaintiff had released defendant from the terms of the agreement. As this was denied by plaintiff, a question of fact was raised, which was submitted to the jury with instructions that if they found for plaintiff, their finding should be for the whole amount of his claim. Counsel agreed upon a calculation, which was given to the jury, and there was no request for any instruction that the jury should, or could, make any deduction from the amount in mitigation of damages."

Having taken his chance of a favorable verdict on the only position he advanced as a defense, defendant can-

not now claim indulgence to set up another defense, in a second trial, which he might have made in the first one: *McDermott v. United States Ins. Co.,* 3 S. & R. 604; *Kardon v. Crescent Nut & Chocolate Co.,* 100 Pa. Superior Ct. 444.

In the view we take of the case, other questions raised are immaterial.

The judgment is affirmed.